**In re GONIC REALTY TRUST, Debtor.**

**Appeal of GONIC REALTY TRUST.**

No. 89–1878.

United States Court of Appeals,
First Circuit.

Heard Feb. 8, 1990.
Decided July 26, 1990.

Duncan B. MacNamee, Rochester, N.H., for appellant.

Martha V. Gordon, with whom Merrill & Broderick, Manchester, N.H., was on brief, for appellee Donald J. Parmet.

Before BREYER, Chief Judge, ALDRICH and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Hampshire affirming the Bankruptcy Court's dismissal of the debtor's Chapter 11 petition and the retention in escrow of $90,000 of debtor's assets until resolution of a law suit pending in the Supreme Court of New York. 11 U.S.C. § 101 *et seq.* For the reasons expressed below we affirm.

## FACTS

In 1985, Gonic Realty Trust ("Gonic") filed a plan for reorganization under Chapter 11 of the United States Bankruptcy Code. During the course of these proceedings its principal assets and real property were sold by order of the Bankruptcy Court. All of the known claims were resolved and funds were distributed to creditors leaving a remainder in excess of $90,-000.

In January 1988, Gonic filed for dismissal. During hearings on this application, the bankruptcy court discovered that attorney Donald Parmet, appellee in the instant appeal, had filed a proof of claim in April, 1987 for uncollected legal fees. The bankruptcy judge noted that the "claim of Donald J. Parmet is the only unresolved matter which would prevent dismissal of these Chapter 11 proceedings." As such, the court entered an order expressly deferring its ruling on the debtor's application "until such time as the claim of Donald Parmet is resolved either by settlement between the parties or ruling by this Court on an objection to that claim to be filed by the debtor." The court further ordered Gonic to return monies that had been previously distributed to its counsel, to be held in escrow pending further order of the Court.

Thereafter, Gonic objected to Parmet's claim because, among other reasons, it considered that the claim had been filed late. Almost a year later, and after the undertaking of discovery procedures, a hearing was held to question a refusal from Parmet to participate in a scheduled deposition. During the hearing the bankruptcy judge issued the order here appealed from dismissing the Chapter 11 case and ordering the retention of $90,000 in escrow. The dismissal was purportedly made pursuant to the previous motion filed by Gonic, although appellant now contends that the

dismissal was made *sua sponte* by the court. The court concluded that while dismissal was appropriate, it would order the funds retained in escrow until the matter still pending was finally resolved. Essentially, the issue on appeal is whether the district court erred in affirming the bankruptcy court's dismissal and the retention of funds under its jurisdiction.

## STANDARD OF REVIEW

Upon review of bankruptcy proceedings, we review legal determinations *de novo* and factual findings on a clearly erroneous standard. *Virginia Beach Federal Savings and Loan Association v. Woods*, 901 F.2d 849, 851 (10th Cir.1990). Discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion. *See In re Northwest Place*, 108 B.R. 809 (Bankr.N.D.Ga.1988).

## DISCUSSION

I. *Dismissal of the Chapter 11 case*

Appellant first claims that the dismissal of the case by the Bankruptcy Court was *sua sponte* and therefore prohibited under Section 105 of the Bankruptcy Code. 11 U.S.C. § 105.[1] The district court, however, concluded that although the bankruptcy court made reference during the hearing to dismissal under Section 105, the record reflected that it was in fact dismissing the case based upon appellant's own previously filed motion to dismiss.

After appellant's motion to dismiss on May 5, 1988, the Bankruptcy Court entered an order wherein, "the court deferred ruling on the pending motion to dismiss the Chapter 11 proceeding until .... the claim of Donald J. Parmet [was] resolved either by settlement ... or ruling by this court." Moreover, the record shows that during the hearing where it dismissed the case, the bankruptcy court made multiple references to Gonic's still pending motion to dismiss. Specifically, the court stated "that it would proceed to enter the order of dismissal which had been delayed last year...." In view of appellant's own motion to dismiss, there can be no doubt that in dismissing the case, the district court did not act *sua sponte*.

■ Having thus concluded, we now must turn to the question of whether the dismissal itself was proper. When a debtor who holds a position as a party in interest files a motion for dismissal the court must find that there is a justified reason or "cause" before it can enter an order dismissing or converting the case under Section 1112(b). 11 U.S.C. § 1112(b).[2]

■ Although the language of section 1112(b) provides a list of possible circumstances for "cause," this is not an exhaustive list, and in fact "the court is not limited to the enumerated grounds in making its determination of some 'cause.'" *In re Santiago Vela*, 87 B.R. 229, 231 (Bankr.D.P.R.1988); *In re Matter of Markhon Industries Inc.*, 100 B.R. 432 (Bankr.N.D.Ind.1989). Thus, in determining "cause" for dismissal the court may consider other factors as they arise and use its powers to reach appropriate results in individual cases. *In re Linwood Smith*, 77 B.R. 496, 500 (Bankr.E.D.Pa.1987). The court, however, must exercise its sound judgment in reaching a determination and must ascertain that the decision is in the best interest

---

1. Section 105, which allows for discretionary *sua sponte* dismissals, was approved while the Gonic bankruptcy proceedings were still pending. This section does not expressly provide for retroactive application. Furthermore, case law on this matter has yet to resolve the issue of the retroactive application of this section on situations like the instant. Section 105 reads in pertinent part:

    (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

2. This section 1112(b) reads in pertinent part:

    ... on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case ... or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, ....

of creditors. *In re Santiago Vela*, 87 B.R. at 231. Once cause for relief is shown, the court has broad discretion for dismissing. *Matter of Koerner*, 800 F.2d 1358, 1367 (5th Cir.1986); *In re N.R. Guaranteed Retirement*, 112 B.R. 263 (Bankr.N.D.Ill. 1990). While this discretion is not completely unfettered, the courts have never been required to give exhaustive reasons for their decisions. *In re Linwood Smith*, 77 B.R. at 500.

■ In the instant case, the bankruptcy court refused to grant dismissal when the motion was first filed because the Parmet claim was still pending. A year later, during the hearing related to this claim, the bankruptcy court discovered that the pending controversy was being litigated by Gonic, in a New York state court where it had filed a counterclaim for legal malpractice against Parmet. This led the bankruptcy court to conclude that this controversy did not fall within the nature of bankruptcy proceedings. The court specifically concluded that what was left of the Gonic bankruptcy case "... has nothing to do with reorganization of an enterprise to produce some kind of distribution to third parties," and that "simply [it] is not a Chapter 11 case."

The purpose of the Bankruptcy Code is essentially to encourage financial restructuring and payments to creditors while preserving jobs and shareholder interests. *See In re Schlangen*, 91 B.R. 834, 837 (Bankr.N.D.Ill.1988) (quoting 1978 U.S. Code Cong. & Admin. News 5787, 5963, 6179); *see also In re Serius Systems, Inc.*, 112 B.R. 50, 52 (Bankr.D.N.H.1990). Upon review, we find no abuse of discretion. The bankruptcy court properly concluded that the malpractice counterclaim is not a bankruptcy court issue, and had nothing to do with the rehabilitative character of the bankruptcy procedures. Thus, with no business left to reorganize, Chapter 11 proceedings were not serving the purpose of

rehabilitating the debtor's business. *See In re Schlangen*, 91 B.R. at 837. We agree with the district court that the bankruptcy judge acted pursuant to its powers, that it properly granted the motion for dismissal and did not abuse its discretion in so doing.

## II. Retention of the funds in escrow

■ Appellant avers that the bankruptcy court erred in ordering its funds to remain in escrow after dismissing the Chapter 11 case. It alleges that the bankruptcy court's order is inconsistent with the purpose of Section 349(b) of the Bankruptcy Code, which allows for retention of funds for "cause." [3] 11 U.S.C. § 349(b).

As a practical matter, dismissals of bankruptcy proceedings result in the dismissal of all the proceedings filed in that case, as well as revestment of property rights to debtors. *In re Miranne*, 87 B.R. 897 (Bankr.E.D.La.1988). Nonetheless, "[s]ection 349(b) of the Bankruptcy code specifically contemplates that return of all estate property to the debtor is not required in every dismissal." *Id.* at 903; *see also In re Sorry Charlie's Upper St. Clair*, 100 B.R. 258 (Bankr.W.D.Pa.1989), *aff'd*, 861 F.2d 1278 (1988); *In re Archie Samford*, 102 B.R. 724 (Bankr.N.D.Mo.1989). Interpreting the extent of Section 349(b), the court in *Miranne* held that it had the power to retain jurisdiction over deposited funds after a determination that returning the funds would not adequately consider the best interests of two of the principal creditors. In the instant case the record shows that the bankruptcy court determined that a return of the funds to Gonic would not be fair to Parmet and that retaining the funds would not affect Gonic. *See also In re Santiago Vela*, 87 B.R. 229.

Upon review, we find that the bankruptcy court's determinations constitute "cause." Clearly, retention of funds be-

---

**3.** Section 349(b) reads in pertinent part:
(b) Unless the court, for cause, orders otherwise, a dismissal of a case ...—
(1) reinstates ...;
(2) vacates any order, judgment, or transfer ordered, ...;

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.
11 U.S.C. § 349(b).

yond dismissal of bankruptcy proceedings is justified within the meaning of 11 U.S.C. § 349(b) when it is in the best interest of creditors. Thus, the bankruptcy court did not abuse its discretion in so doing. *In re Santiago Vela*, 87 B.R. at 231; *In re Miranne*, 87 B.R. 897.

Moreover, it is significant that even when asked directly by the bankruptcy judge, Gonic's counsel failed to object to the continued retention of these funds. On appeal, absent clear or manifest error, this court will consider only those issues raised below before the bankruptcy court. *In re Pikes Peak*, 779 F.2d 1456, 1459 (10th Cir. 1985); *Gundy v. United States*, 728 F.2d 484, 488 (10th Cir.1984). Having been unable to discover clear error, we find additional justification for the bankruptcy court's conclusions. For the reasons detailed above and because it applied the proper standards, we hereby affirm the district court's decision.

*Affirmed.*