**In re Mario MERCADO–JIMENEZ, Debtor/Appellant.**

**Civil No. 93–2686 (DRD).**

United States District Court, D. Puerto Rico.

Feb. 29, 1996.

---

**25.** See footnote 19, supra, wherein subsection 330(a)(3) is cited in toto.

Modesto Bigas–Mendez, Ponce, PR, for Mario Mercado–Jimenez.

Alejandro Oliveras–Rivera, U.S. Trustee, Hato Rey, PR.

## *OPINION AND ORDER*

DOMINGUEZ, District Judge.

Pending before the court is debtor's appeal from the bankruptcy court's order of October 22, 1993, denying debtor's motion to withdraw his earlier motion for voluntary dismissal of his Chapter 11 case. Because the court finds that the bankruptcy court did not abuse its discretion in denying debtor's motion, the order object of the appeal is affirmed.

## I. Facts

Mario Mercado Jiménez, owner and operator of a farm in southern Puerto Rico, filed for relief under Chapter 11 of the Federal Bankruptcy Code on May 17, 1991. After various procedural incidents, three reorganization plans were drafted, including one by the operating trustee and one by the debtor. The bankruptcy court ordered that all creditors be notified of the competing plans, and set a date for considering the confirmation of one of the plans. Subsequently, the debtor filed objections to various creditors' claims, including the Corporación Azucarera's. With regard to the latter, the debtor claimed that pursuant to Fed.R.Bankr.P. 3003(c)(2), the Corporación Azucarera was barred from voting on a confirmation plan because it had filed its proof of claim about two years late. However, notwithstanding the debtor's entreaties, the operating trustee did not object to the Corporación Azucarera's vote.

At the hearing held on September 20, 1993, the bankruptcy court did not confirm any of the competing plans because none of them garnered sufficient support. Although the debtor's plan received the most votes, it was defeated by the Corporación Azucarera's vote.[1] The bankruptcy court ruled that the debtor was not a party in interest and, therefore, under 11 U.S.C. § 502 had no standing to object to a proof of claim, particularly when the operating trustee did not so object.

When it became apparent that the U.S. Trustee was going to seek the dismissal of the case because of the absence of a confirmable plan, Debtor orally filed a motion to voluntarily dismiss his Chapter 11 case, pursuant to Fed.R.Bankr.P. 1017(a). The bankruptcy court approved the motion, ordering that if no party in interest objected within twenty (20) days, the case would be dismissed. Ten days later, on September 30, 1993, debtor filed two motions, one requesting the withdrawal of the motion for voluntary dismissal, and the other requesting the finding of additional facts. The bankruptcy court denied the first motion by order dated October 6, 1993, and entered on the docket on October 12, 1993. The motion for additional facts was not resolved by the bankruptcy court until July 11, 1993, when an

---

**1.** Although the Corporación Azucarera was only one of Mario Mercado Jiménez' many creditors, it was by far the largest. It submitted a proof of claim for almost eight hundred thousand dollars ($796,313.51); in comparison, the amounts owed to the other unsecured creditors amounted to little more than one hundred thousand dollars ($101,781.29), not all of which voted for Mario Mercado Jiménez' plan.

order denying it was entered on the docket. In the meantime, on October 28, 1993, the debtor filed a notice of appeal in this case, requesting reversal of the bankruptcy court's order of October 12, 1993, denying his motion to withdraw his request for voluntary dismissal.

## II. Jurisdiction

■ A party may appeal as of right from a bankruptcy court's final judgment, order, or decree. 28 U.S.C. § 158(a)(1) (1993 & West Supp.1995); Fed.R.Bankr.P. 8001(a).[2] In contrast, if the order or decree is not final, the party may appeal only by leave of the district court or bankruptcy appellate panel, as the case may be. 28 U.S.C.A. § 158(a)(3); Fed.R.Bankr.P. 8001(b) & 8003.[3]

We have appellate jurisdiction over this case pursuant to 28 U.S.C. § 158(a)(1) and Fed.R.Bankr.P. 8001(a). As discussed below, Debtor was entitled to appeal as of right from the bankruptcy court's order. Moreover, the appeal was timely filed.

## A. Finality

■ Courts have applied "a more lenient standard of finality" in bankruptcy proceedings than in nonbankruptcy cases. 6 *Chapter 11 Theory and Practice: A Guide to Reorganization* § 34.13 at 34:16 (James F. Queenan, Jr. et al. eds., 1994). However, the difference between the bankruptcy and ordinary civil definitions of finality is not the result of any leniency, but instead is due from the more complicated nature of a bankruptcy case, which in the normal course of events is composed of a multiplicity of discrete proceedings. As one court has noted, there is "[a]n uninterrupted tradition of judicial interpretation in which courts have viewed a 'proceeding' within a bankruptcy case as the relevant 'judicial unit' for purposes of finality." *In re Saco Local Development Corp.*, 711 F.2d 441, 445 (1st Cir.1983). Thus, instead of "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment,"[4] in bankruptcy an order "need not dispose of all aspects of a case in order to be final; an order which disposes of a 'discrete dispute within the larger case' will be considered final and appealable.... The order in question must, however, 'conclusively determine' the dispute." *In re American Colonial Broadcasting Corp.*, 758 F.2d 794 (1st Cir.1985) (quoting *In re Saco*, 711 F.2d at 444).

■ Pursuant to the criteria delineated above, we conclude that the bankruptcy court's order of October 22, 1993, is a final order for purposes of 28 U.S.C. § 158(a)(1) and Fed.R.Bankr.P. 8001(a). The order's effect was to leave in place the earlier order dismissing the case, and Debtor was therefore entitled to an appeal as of right.

## B. Timeliness of Appeal

The U.S. Trustee reminds us that Debtor Mario Mercado Jiménez filed his notice of appeal on October 28, 1993, sixteen (16) days after the entry of the bankruptcy court's order denying his motion withdrawing his request for voluntary dismissal of his Chapter 11 case. The Trustee argues that because Fed.R.Bankr.P. 8002(a) requires that a notice of appeal be filed within ten (10) days of entry of the order appealed from, this appeal should be dismissed for untimeliness.

■ The Court does not agree. Although Rule 8002(a) does set a ten-day limit for the

---

**2.** The court notes that Section 158(a)(2) also grants the district courts of the United States jurisdiction over appeals "from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title." These appeals are from orders increasing or decreasing the period of exclusivity that the debtor in possession enjoys to propose a reorganization plan, and so are not pertinent to the case at hand.

**3.** Some courts have perceived an ambiguity in § 158(a)(3), because its language "with leave of the court" does not specify whether the court whose leave is required is the bankruptcy or the district court, or both. We find no such ambiguity, and neither does the First Circuit. *In re Spillane*, 884 F.2d 642, 645 (1st Cir.1989). As the Advisory Committee Notes to Fed.R.Bankr.P. 8003 indicate, "[t]he motion for leave to appeal is addressed to the district court or the bankruptcy appellate panel, although filed with the clerk of the bankruptcy court."

**4.** *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). This is the standard of finality for ordinary civil cases.

filing of appeals, Rule 8002(b) provides, in pertinent part, that:

> "[i]f any party makes a timely motion of a type specified immediately below, *the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.* This provision applies to a timely motion: (1) to amend or make *additional findings of fact* under Rule 7052, whether or not granting the motion would alter the judgment; (2) to alter or amend the judgment under Rule 9023; ... or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment." (Emphasis ours).

On September 30, 1993, and thus within 10 days of the entry of the order approving his motion for voluntary dismissal, Mario Mercado Jiménez had timely filed a motion requesting finding of additional facts which was not disposed of by the bankruptcy court until July 11, 1994. Because it was outstanding at the time that the notice of appeal was filed, the time for appeal for all parties ran from the entry of the order disposing of it; that is, from July 11, 1994. The time to file the notice of appeal thus ran until July 21, 1994, and because the notice of appeal was filed on October 28, 1993, almost nine (9) months prior to the filing deadline, the appeal was therefore timely.

However, the U.S. Trustee brings to our attention a troublesome clause within Rule 8002(b), one which states that "[a]ppellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal." The Trustee takes this clause to stand for the proposition that every appellant who has filed a notice of appeal that is rendered premature by Rule 8002 because of an outstanding motion is required to file an amended notice of appeal within ten days of the entry of the order disposing of the last outstanding motion.

■ The U.S. Trustee misreads Rule 8002(b). Upon a close textual examination of the proffered clause, we conclude that the requirement to file an amended notice of

appeal applies only when the party will also appeal from an "[order] disposing of any of the above motions." Since Mr. Mercado Jiménez appeals from the order disposing of his motion to withdraw the voluntary dismissal, and not from the order disposing of his motion for additional findings of fact, there was no need for him to file an amended notice of appeal in July of 1994.

## III. Standard of Review

■ A dispute over the bankruptcy court's decision not to vacate an order dismissing a bankruptcy case is a core proceeding. Pursuant to 28 U.S.C. § 157(b)(2), "[c]ore proceedings include, but are not limited to ... matters concerning the administration of the estate."[5] The standard for reviewing a bankruptcy judge's decisions in core proceedings is considerably more deferential than the one applicable to decisions in non-core proceedings. In non-core proceedings bankruptcy judges are limited to submitting "proposed findings of fact and conclusions of law to the district judge, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1); see also Fed.R.Bankr.P. 9033(d). Bankruptcy decisions in non-core proceedings are not subject to Section 158's provisions, and they are due little, if any, deference from the reviewing district courts.

■ In contrast, a bankruptcy judge's authority is broader in core proceedings. Subsection 157(b)(1) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." Bankruptcy Rule 8013 provides that "[o]n appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further pro-

---

5. 28 U.S.C.A. § 157(b)(2)(A) (1993).

ceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *See In re LaRoche,* 969 F.2d 1299, 1301 (1st Cir.1992). Findings of fact in bankruptcy proceedings, as in other civil cases, are clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

In comparison, a bankruptcy court's conclusions of law are reviewable de novo, by analogy to "the familiar standards of review normally employed in appeals to the courts of appeals in civil cases generally." *In re LaRoche,* 969 F.2d at 1301; *see also Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994) (citing *In re LaRoche, id.*); *In re DN Associates,* 3 F.3d 512, 515 (1st Cir.1993); *In re G.S.F. Corp.,* 938 F.2d 1467, 1474 (1st Cir. 1991) (citing supporting authority in various other circuits); *In re Gonic Realty Trust,* 909 F.2d 624, 626 (1st Cir.1990).

 Discretionary decisions are reviewed under an abuse of discretion standard. *In re Gonic,* 909 F.2d at 626 ("[d]iscretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion"). Particularly with respect to voluntary dismissals under Fed. R.Bankr.P. 1017(a), "[o]rdinarily, the granting of a voluntary motion to dismiss rests with the sound discretion of the Referee and is reversible only for an abuse of that discretion.... And unless dismissal will cause some plain legal prejudice to the creditors, it normally will be proper." *In re International Airport Inn Partnership,* 517 F.2d 510, 511 (9th Cir.1975) (analogizing Bankruptcy Act section 59g to Fed.R.Civ.P. 41). *See In re Hall,* 15 B.R. 913, 917 (9th Cir. BAP 1981); *In re Atlas Supply Corporation,* 857 F.2d 1061, 1063 (5th Cir.1988).

 A motion to *withdraw* a motion under Rule 1017(a) is tantamount to a motion for relief from judgment or order under Rule 9024.[6] Because Rule 9024 makes applicable to bankruptcy proceedings the provisions of Fed.R.Civ.P. 60, the decision to grant a motion under Rule 9024, like the decision to grant a motion under Fed.R.Civ.P. 60(b), also lies in the discretion of the bankruptcy court. *See In re Chung King, Inc.,* 753 F.2d 547 (7th Cir.1985); *cf.* 11 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 2857 (1973) ("a motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court"); *Géigel v. Sea Land Service, Inc.,* 44 F.R.D. 1 (D.P.R.1968) (same).

 Finally, the First Circuit has admonished that "[t]he bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails. If he perceives a materially adverse interest, he has at his disposal an armamentarium of permissible remedies ..." *In re Martin,* 817 F.2d 175, 182–183 (1st Cir.1987). A bankruptcy court's judgment call denying the reinstatement of a voluntarily dismissed case is entitled to that same deference.

## IV. Analysis

Mario Mercado Jiménez argues forcefully that he did have standing to object to the Corporación Azucarera's claim, and that, furthermore, the Corporación Azucarera should not have been allowed to vote on the confirmation plans. However, even if he were correct as a matter of substantive law, it would be equally true that Mr. Mario Mercado Jiménez failed to follow the correct procedure for challenging the bankruptcy court's rulings. What he should have done was to allow the operating trustee to move for dismissal of the case, and then appealed from the order granting the dismissal.

 Instead, Mario Mercado Jiménez first moved for a voluntary dismissal, then

---

**6.** The motion to withdraw the motion for voluntary dismissal, like a motion to vacate a dismissal, both under Fed.R.Bankr.P. 9024, should be distinguished from a motion to reopen under 11 U.S.C. § 350(b) and Fed. R.Bankr.P. 5010. "Dismissal is not closing and a case not closed cannot be reopened. The significant difference posed is the one year limit on a motion to vacate a dismissal which does not apply to a motion to reopen." 1 Daniel R. Cowans, *Bankruptcy Law and Practice* § 3.33(c) (6th ed. 1994).

moved to withdraw that motion, and finally appealed from the denial of the motion to withdraw the first motion. A Rule 9024 motion is not an adequate substitute for an appeal. *See In re Atkins,* 134 B.R. 936 (9th Cir. BAP 1992). Unfortunately, debtor has presented this case to us in such a procedural posture that we cannot decide upon the merits of his arguments regarding the timeliness of Corporación Azucarera's claim. The only question we are called to answer is the much more limited one of whether or not the bankruptcy court abused its discretion in denying the motion to withdraw the motion for voluntary dismissal.

Our answer must be that there was no abuse of discretion, for the debtor has not satisfied any of the Rule 60(b) factors. The debtor is not arguing that he was coerced or intimidated into moving for voluntary dismissal, nor is there any indication that the motion was anything short of voluntary. To the contrary, our perusal of the transcript of the hearing held on September 20, 1993, leads us to conclude that debtor moved for voluntary dismissal freely and intentionally. We also conclude that the bankruptcy court did not abuse its discretion in finding that if the debtor's decision to seek a voluntary dismissal was due to mistake or neglect, it was not excusable. *Cf. Parrilla–López v. U.S.,* 841 F.2d 16 (1st Cir.1988) (voluntary decision will generally estop party from successfully invoking Rule 60); *DeLong's, Inc. v. Stupp Bros. Bridge & Iron Co.,* 40 F.R.D. 127 (D.Mo.1965) (after plaintiff chose to voluntarily dismiss claims against some defendants, court denied plaintiff's Rule 60(b) motion to set aside the dismissal).[7] The bankruptcy court's order entered on October 12, 1993, is therefore AFFIRMED.

IT IS SO ORDERED.

---

[7]. Similarly, a party that agrees to the entry of judgment without any reservations, pursuant to the Federal Rules of Civil Procedure, may not thereafter seek to overturn the judgment on appeal except for lack of actual consent or subject matter jurisdiction. *Dorse v. Armstrong World Industries, Inc.,* 798 F.2d 1372, 1375 (11th Cir.1986). Furthermore, relief from a consent judgment is to be granted only after a showing of lack of actual consent, fraud, mistake, or lack of jurisdiction. *Coughlin v. Regan,* 768 F.2d 468, 470 (1st Cir.1985). None of these criteria are present in the instant case.