**In re José A. Zambrana ARROYO, Debtor.**

**José A. Zambrana Arroyo, Appellant,**

**v.**

**Scotiabank De Puerto Rico, Appellee.**

**BAP No. PR 12–045.**
**Bankruptcy No. 12–01368–ESL.**

United States Bankruptcy Appellate Panel of the First Circuit.

April 1, 2013.

Jesus Santiago Malavet, Esq., on brief for Appellant.

Carlos R. Sosa Padro, Esq., on brief for Appellee.

Before HAINES, FEENEY, and HOFFMAN, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Judge.

José A. Zambrana Arroyo, the chapter 7 debtor, appeals the bankruptcy court's order granting Scotiabank de Puerto Rico ("Scotiabank") retroactive relief from the automatic stay in order to validate a post-petition foreclosure sale.[1] For the reasons set forth below, we conclude that the debtor is without standing to bring this appeal and therefore **DISMISS** this appeal.

## BACKGROUND

The debtor owned certain real property encumbered by a mortgage held by Scotiabank. Over a nine-year period, the debtor filed four bankruptcy petitions, each on the eve of foreclosure, to prevent Scotiabank from foreclosing on the property. In the third case, the debtor and Scotiabank entered into a settlement agreement, in which Scotiabank was granted relief from stay, and the debtor was granted a short period of time to try to sell or refinance the property and pay Scotiabank in full. If he failed to do so, Scotiabank could then sell the property. The settlement agreement also provided that the order lifting the automatic stay would be res judicata in any future bankruptcy cases filed within two years. The bankruptcy court approved the settlement agreement, and, shortly thereafter, the debtor voluntarily dismissed the case.

When the debtor failed to pay Scotiabank in accordance with the settlement agreement, Scotiabank scheduled a foreclosure sale. The day before the scheduled sale, however, the debtor filed his fourth bankruptcy petition, seeking relief under chapter 7. Scotiabank proceeded with the sale and was the successful bidder for the property.

Thereafter, in an abundance of caution, Scotiabank moved for retroactive relief from the automatic stay to validate the foreclosure sale, arguing that it was conducted in reliance on the settlement agreement, which made relief from stay binding in future bankruptcy cases, and urging the bankruptcy court to consider the debtor's history of serial filings on the eve of foreclosure.[2] The chapter trustee did not object, and has filed a "no asset" report. After a hearing, the bankruptcy court granted Scotiabank retroactive relief from the automatic stay. This appeal ensued.

## APPELLATE STANDING

Before addressing the merits, we must first consider whether the debtor has

---

1. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.*

2. As explained below, we need not address the efficacy of the settlement terms approved in the debtor's penultimate bankruptcy case.

standing to prosecute this appeal. *See Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council,* 589 F.3d 458, 467 (1st Cir.2009) (explaining that court must review party's standing in order to determine its jurisdiction regardless of whether the parties raise the issue); *Pignato v. Dein Host, Inc. (In re Dein Host, Inc.),* 835 F.2d 402, 404 (1st Cir.1987) (noting that court is "duty bound" to determine appellate standing); *Great Road Serv. Ctr., Inc. v. Golden (In re Great Road Serv. Ctr., Inc.),* 304 B.R. 547, 550 (1st Cir. BAP 2004) ("[Q]uestions of standing must be considered sua sponte as it is akin to subject matter jurisdiction."). "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *N.H. Right to Life Political Action Comm. v. Gardner,* 99 F.3d 8, 12 (1st Cir.1996) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). If the debtor lacks standing to bring this appeal, then we lack jurisdiction to decide it upon its merits. *See United States v. AVX Corp.,* 962 F.2d 108, 113 (1st Cir.1992).

■ It is well settled that only a "person aggrieved" has standing to pursue an appeal, and that a "person aggrieved" is one whose pecuniary interests are directly and adversely affected by an order of the bankruptcy court. Thus, a party asserting standing must demonstrate that the bankruptcy court's order either diminishes his property, increases his burdens, or detrimentally affects his rights. *Aja v. Emigrant Funding Corp. (In re Aja),* 442 B.R. 857, 861 (1st Cir. BAP 2011); *In re Great Road,* 304 B.R. at 551.

■ Normally, it is the trustee, and not the chapter 7 debtor, who possesses standing to appeal from a bankruptcy court order affecting property of the estate. *Spenlinhauer v. O'Donnell,* 261 F.3d 113, 118 (1st Cir.2001) (citations omitted).

"Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the . . . disposition of that property." *Id.* (citing *In re El San Juan Hotel,* 809 F.2d 151, 154–55 (1st Cir.1987)). A chapter 7 debtor qualifies as a "person aggrieved" for purposes of appellate standing only if he can demonstrate either: (1) a reasonable possibility of a surplus if the order on appeal is defeated; or (2) that the appealed order adversely affects his discharge. *Marmarinos v. DeGiacomo (In re Marmarinos),* 464 B.R. 498, 501 n. 1 (1st Cir. BAP 2012) (citing *Beaulac v. Tomsic (In re Beaulac),* 294 B.R. 815, 820–21 (1st Cir. BAP 2003)).

■ The debtor has not demonstrated that he has standing to pursue this appeal. He admits he could not benefit personally were we to reverse the court below, as he concedes there is no equity in the property. Moreover, the order at issue has no effect whatsoever on the debtor's discharge. Accordingly, the debtor cannot show that the order on appeal affects his pecuniary interest or that he is aggrieved in any other cognizable way.

The concurrence would consider that the debtor has standing and would reach the merits of this appeal. But by what standard it would determine standing is unexplained. This is problematic for at least two reasons. First, it is the debtor's burden to articulate and prove his standing. Second, the debtor has stipulated standing away—agreeing there is insufficient equity in the property even to reach an exemption, and filing a chapter 7, admitting no plan or prospect of saving the property by bankruptcy process.

## CONCLUSION

For the reasons set forth above, we conclude that the debtor is without stand-

ing to pursue this appeal and, therefore, this appeal is **DISMISSED.**

HOFFMAN, Bankruptcy Judge, concurring.

While I concur that the debtor lacks standing in this case to appeal the bankruptcy court's order granting Scotiabank retroactive relief from stay, I would reach that conclusion based on the debtor's having given up his right to oppose Scotiabank's motion for relief from stay by entering into the settlement agreement. I do not join the plurality in suggesting that a chapter 7 debtor lacks standing to appeal from an order granting stay relief unless the chapter 7 estate is solvent and will generate a surplus to be paid to the debtor (a rarity) or unless the lift stay order implicates the debtor's discharge (a legal impossibility). This articulation of standing is fine so long as the point of reference is property of the estate. But a property-based determination of who has standing to appeal, that is who is a party aggrieved, is too narrow. "A litigant qualifies as a 'person aggrieved' if the order diminishes his property, increases his burdens or impairs his rights." *In re El San Juan Hotel,* 809 F.2d at 154 (citation omitted). The automatic stay applies both to acts against property of the estate and to acts against a debtor individually. 11 U.S.C. § 362(a). Where a debtor is protected by the stay, he certainly would be aggrieved if the stay were lifted. *See Radcliffe v. Int'l Painters & Allied Trades Ind. Pension Fund (In re Radcliffe),* 372 B.R. 401, 412 (Bankr.N.D.Ind.2007). But when, as here, a debtor bargains away his right to that protection, his standing to oppose stay relief or appeal from an order granting it disappears.