**ELDORADO CANYON PROPERTIES, LLC, Debtor.**

**Eldorado Canyon Properties, LLC, Appellant,**

**v.**

**JPMorgan Chase Bank, N.A., successor-in-interest to Washington Mutual Bank and Fannie Mae, Appellee.**

**BAP No. MB 13–042.
Bankruptcy No. 13–12878–FJB.**

United States Bankruptcy Appellate Panel of the First Circuit.

Feb. 25, 2014.

Neil Kreuzer, Esq., on brief, Brighton, MA, for Appellant.

Thomas M. Pinney, Esq., on brief, Philadelphia, PA, for Appellee.

Before KORNREICH, TESTER, and FINKLE, United States Bankruptcy Appellate Panel Judges.

KORNREICH, Bankruptcy Judge.

The debtor, Eldorado Canyon Properties, LLC ("Eldorado"), appeals from a bankruptcy court order granting relief from stay and the subsequent order denying reconsideration. For the reasons set forth below, this appeal is **DISMISSED**.

## BACKGROUND

In May 2013, Eldorado filed a petition for chapter 7 relief, without schedules or statements as required by § 521.[1] After the bankruptcy filing, JPMorgan Chase Bank, N.A. ("Chase"), successor-in-interest to Washington Mutual Bank and Fannie Mae, filed a motion for relief from the automatic stay, seeking authorization to foreclose its first priority mortgage on certain real property owned by the Main/Hitchcock Realty Trust (the "Trust") of which Eldorado was "a 75% beneficia-ry". Chase alleged that the mortgage secured a note from the Trust which was in default. Chase argued, *inter alia*, that because there was no equity in the property, it was entitled to relief under § 362(d)(2). Eldorado did not dispute that the property was encumbered beyond its value. It opposed the motion for relief, however, asserting that the Trust was invalid and that Chase lacked standing to seek relief from stay.

Following a non-evidentiary hearing, the bankruptcy court issued an order granting the motion for relief. Eldorado then filed a motion to reconsider. The bankruptcy court denied this motion on the grounds that it had been rendered moot by the subsequent dismissal of Eldorado's chapter 7 bankruptcy case on account of its failure to satisfy its obligations under § 521.

Eldorado appeals the granting of relief from stay and the denial of reconsideration.[2] On appeal, Eldorado reiterates its arguments that the Trust was invalid and that Chase lacked standing to seek relief from stay. Chase submits on appeal that, in the absence of a stay, it has completed the foreclosure and sale of the subject property.

## APPELLATE STANDING

"Before addressing the merits, we must first consider whether [Eldorado] has standing to prosecute this appeal." *Zambrana Arroyo v. Scotiabank de P.R. (In re Zambrana Arroyo)*, 489 B.R. 486, 487–88 (1st Cir. BAP 2013) (citing *Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council*, 589 F.3d 458, 467 (1st Cir.2009) (explaining that court must review party's standing in order to deter-

---

1. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

2. Eldorado also appealed the order of dismissal. We affirmed that dismissal. *See In re Eldorado Canyon Props., LLC*, 505 B.R. 601, 2014 WL 718299 (1st Cir. BAP 2014).

mine its jurisdiction regardless of whether the parties raise the issue)); *Pignato v. Dein Host, Inc. (In re Dein Host, Inc.)*, 835 F.2d 402, 404 (1st Cir.1987) (noting that court is "duty bound" to determine appellate standing); *Great Road Serv. Ctr., Inc. v. Golden (In re Great Road Serv. Ctr., Inc.)*, 304 B.R. 547, 550 (1st Cir. BAP 2004) ("[Q]uestions of standing must be considered sua sponte, as it is akin to subject matter jurisdiction.") (citing *In re Toms*, 229 B.R. 646, 649 (Bankr.E.D.Pa. 1999)). "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.' " *N.H. Right to Life Political Action Comm. v. Gardner*, 99 F.3d 8, 12 (1st Cir.1996) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). If Eldorado lacks standing to bring this appeal, then we lack jurisdiction to decide it upon its merits. *In re Zambrana Arroyo*, 489 B.R. at 488 (citing *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992)).

■ It is well-settled that only a "person aggrieved" has standing to pursue an appeal, and that a "person aggrieved" is one whose pecuniary interests are directly and adversely affected by an order of the bankruptcy court. *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117–18 (1st Cir. 2001) (citation omitted). "A litigant qualifies as a 'person aggrieved' if the order diminishes his property, increases his burdens, or impairs his rights." *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987) (footnote and citation omitted); *see also Aja v. Emigrant Funding Corp. (In*

*re Aja)*, 442 B.R. 857, 861 (1st Cir. BAP 2011).

■ We have repeatedly ruled that "it is the [chapter 7] trustee, and not the chapter 7 debtor, who possesses standing to appeal from a bankruptcy court order affecting property of the estate." *In re Zambrana Arroyo*, 489 B.R. at 488 (citing *Spenlinhauer*, 261 F.3d at 118); *see also Formatech, Inc. v. Sovereign Bank (In re Formatech, Inc.)*, 483 B.R. 363, 367–68 (1st Cir. BAP 2012); *Marmarinos v. DeGiacomo (In re Marmarinos)*, 464 B.R. 498, 500 n. 1 (1st Cir. BAP 2012); *Beaulac v. Tomsic (In re Beaulac)*, 294 B.R. 815, 820 (1st Cir. BAP 2003). "Since title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the . . . disposition of that property." *Spenlinhauer*, 261 F.3d at 118 (citations omitted). As we previously explained:

> A chapter 7 debtor qualifies as a "person aggrieved" for purposes of appellate standing only if he can demonstrate either: (1) a reasonable possibility of a surplus if the order on appeal is defeated; or (2) that the appealed order adversely affects his discharge.

*In re Marmarinos*, 464 B.R. at 501 n. 1 (citation omitted).

■ Eldorado has not satisfied its burden of demonstrating that it has standing to pursue this appeal. It concedes that there is no equity in the property,[3] and it is also clear that Eldorado's discharge is not implicated. Moreover, Eldorado has

---

**3.** We recently explained that "[w]hen no inquiry on standing is made in the bankruptcy court, . . . we may make the required findings on the appellate record if it discloses the requisite facts." *Gentile v. DeGiacomo (In re Gentile)*, 492 B.R. 580, 584 (1st Cir. BAP 2013) (citing *Spenlinhauer*, 261 F.3d at 119). Here, the record does not disclose whether the bankruptcy court examined Eldorado's standing to challenge the motion for relief from stay. However, because Eldorado conceded during oral argument that there is no equity in the property, we may conclude that a sale of the subject property would not result in a surplus.

failed to show that it is aggrieved in any cognizable way.

## CONCLUSION

For the above reasons, we conclude that Eldorado is without standing to pursue this appeal and, therefore, this appeal is **DISMISSED.**[4]

---

4. Because we may decide this appeal on lack of standing, we need not delve into issues concerning its mootness resulting from our affirmance of the dismissal of the bankruptcy case, *see Sepulveda Soto v. Doral Bank (In re Sepulveda Soto)*, No. PR 12–053, 2013 WL 1932118 (1st Cir. BAP May 8, 2013) (dismissing as moot an appeal of a bankruptcy court order granting relief from stay following our affirmance of the bankruptcy court's dismissal of the underlying bankruptcy case), or by the subsequent foreclosure and sale of the property to a third party, *see Soares v. Brockton Credit Union (In re Soares)*, 187 F.3d 623 (1st Cir.1998) (holding subsequent foreclosure and sale of the property renders moot any appeal).