**ELDORADO CANYON PROPERTIES, LLC, Debtor.**

**Eldorado Canyon Properties, LLC, Appellant.**

**BAP No. MB 13–045.**
**Bankruptcy No. 13–12878–FJB.**

United States Bankruptcy Appellate Panel of the First Circuit.

Feb. 25, 2014.

---

Neil Kreuzer, Esq., on brief, Brighton, MA, for Appellant.

Before KORNREICH, TESTER, and FINKLE, United States Bankruptcy Appellate Panel Judges.

KORNREICH, Bankruptcy Judge.

The debtor, Eldorado Canyon Properties, LLC ("Eldorado"), appeals from the bankruptcy court order dismissing its chapter 7 case. For the reasons set forth below, the order of the bankruptcy court is **AFFIRMED.**

## BACKGROUND

On May 14, 2013, Eldorado filed a pro se, skeletal petition for chapter 7 relief. On the same date, the bankruptcy court issued an order instructing Eldorado that its statement of social security number or tax identification number was due on May 17, 2013, its creditor matrix was due on May 21, 2013, and its telephone number, schedules A through H, summary of schedules, statistical summary of certain liabilities, and verified statement or unsworn declaration as required by Rule 1008[1] and 28 U.S.C. § 1746 were due on May 28, 2013. This order also warned Eldorado in bold print that its failure to comply might result in the dismissal of its bankruptcy case.

Thereafter, the bankruptcy court granted the chapter 7 trustee's request for an extension of time for Eldorado to file the missing documents and set June 3, 2013, as the new deadline for all documents to be filed. On June 3, 2013, the trustee filed a creditor matrix on Eldorado's behalf and requested a second extension of time for Eldorado to file the other required docu-

---

**1.** Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended. All references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure.

ments. By its order dated June 3, 2013, the court further extended the filing deadline for all remaining documents to June 17, 2013.

On June 25, 2013, JPMorgan Chase Bank, N.A. ("Chase"), successor-in-interest to Washington Mutual Bank and Fannie Mae, filed a motion for relief from the automatic stay seeking to foreclose a mortgage on real estate owned by the Main/Hitchcock Realty Trust (the "Trust"). Chase asserted that Eldorado was "a 75% beneficiary" of that Trust. Chase also alleged that the mortgage secured a note from the Trust which was in default.

Eldorado, represented by counsel, filed an opposition to the relief motion in which it challenged the Trust's validity and Chase's standing to seek relief. Eldorado argued, alternatively, that even assuming the Trust were valid, issues existed concerning the extent of Eldorado's interest in the property. Following a hearing, the bankruptcy court, unpersuaded by Eldorado's arguments, entered an order granting relief from stay on July 18, 2013.[2]

Eldorado failed to file all of the documents and information by June 17, 2013; nor did it request a further extension. On July 24, 2013, the bankruptcy court stated:

> Due to the failure of the Debtor to comply with the Court's Order of **JUNE 3, 2013,** and the Debtor having failed to file timely the **SSN/Tax ID, Schedules A–H, Statement of Financial Affairs, Summary of schedules, Statistical Summary of Certain Liabilities and Verified Declaration,** it is hereby order

that the above-entitled case be and hereby is DISMISSED.

This appeal ensued.

On appeal, Eldorado admits that it failed to file all of the required documents. As justification, Eldorado maintains that it was unable to prepare schedules because both the validity of the Trust and the nature and extent of its interest in the property were uncertain. The trustee did not contest the dismissal of Eldorado's case and has not participated in this appeal.

### *JURISDICTION*

■ We may hear appeals from final judgments, orders, and decrees and, with leave of the court, from interlocutory orders and decrees. *See* 28 U.S.C. § 158(a), (b), and (c). Because an order dismissing a case is a final order, the Panel has jurisdiction to hear this appeal. *Rosado v. Pablos (In re Rosado),* No. PR–11–081, 2012 WL 2564375, at *2 (1st Cir. BAP June 29, 2012) (citation omitted).

### *STANDARD OF REVIEW*

■ A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo. See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.,* 592 F.3d 267, 269 (1st Cir.2010). "A bankruptcy court's order dismissing a debtor's case should be overturned only if the debtors establish that the bankruptcy court committed a clear abuse of discretion." *In re Rosado,* 2012 WL 2564375, at *3 (internal quotations and citation omitted). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erro-

---

**2.** Eldorado's motion for reconsideration of the order granting relief from stay was denied as moot, based upon the dismissal of the case. The orders granting relief from stay and denying reconsideration were appealed. We dis-

missed that appeal. *See Eldorado Canyon Props., LLC v. JPMorgan Chase Bank, N.A. (In re Eldorado Canyon Props., LLC),* 505 B.R. 598, 2014 WL 718294 (1st Cir. BAP 2014).

neous finding of material fact." *Id.* (internal quotations and citation omitted).

## DISCUSSION

### I. The Standards

Section 521(a)(1) provides:

(a) The debtor shall—

  (1) file—

    (A) a list of creditors; and

    (B) unless the court orders otherwise—

    (i) a schedule of assets and liabilities;

    (ii) a schedule of current income and current expenditures;

    (iii) a statement of the debtor's financial affairs . . . .

11 U.S.C. § 521(a)(1).[3] Rule 1007(c) requires the debtor to file "the schedules, statements, and other documents [ . . . ] with the petition or within 14 days thereafter," or to seek an extension of time. Fed. R. Bankr.P. 1007(c).

■ Section 105 provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "[S]ection 105(a) empowers the bankruptcy court to exercise its equitable powers—where 'necessary' or 'appropriate'—to facilitate the implementation of other Bankruptcy Code provisions."

*Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 444 (1st Cir.2000) (internal quotations and citations omitted). Section 105 "provides a bankruptcy court with statutory contempt powers . . . ." *Id.* at 445. Those powers include "discretionary *sua sponte* dismissals." *In re Gonic Realty Trust*, 909 F.2d 624, 626 n. 1 (1st Cir.1990); *accord Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869 (9th Cir. BAP 2004) ("Section 105(a) makes 'crystal clear' the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case.") (citations omitted).

### II. The Standards Applied

■ After several orders extending the deadlines, the bankruptcy court dismissed Eldorado's case due to its failure to file its tax identification number, schedules A through H, statement of financial affairs, summary of schedules, statistical summary of certain liabilities and verified declaration.

■■ Bankruptcy schedules serve the important purpose of ensuring that adequate information is available for the trustee and creditors. Full disclosure of assets and liabilities in the schedules is the "*quid pro quo* for the receipt of a bankruptcy discharge." *First United Bank & Trust Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 439–40 (Bankr.E.D.Tex. 2013). Moreover, it is "entirely appropriate" for the bankruptcy court to set and enforce deadlines. *Howard v. Lexington Invs., Inc.*, 284 F.3d 320, 323 (1st Cir. 2002). Indeed, "[n]either the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it." *In re Berryhill*, 127 B.R.

---

**3.** Massachusetts Local Bankruptcy Rule 1007–1 similarly specifies the lists, schedules, statements, and other documents required of the debtor, including, *inter alia*, an original matrix of all creditors and their last known complete address. *See* MLBR 1007–1(a) and (d).

427, 433 (Bankr.N.D.Ind.1991) (citation omitted).

Eldorado's uncertainty concerning the existence of the Trust and the enforceability of the mortgage did not excuse compliance with its § 521 obligations. This uncertainty could have been disclosed within the time limits set for compliance. Furthermore, the record reveals no effort by Eldorado to resolve its lingering uncertainty beyond its defense of the relief from stay motion. Thus, we discern no error in the bankruptcy court's dismissal of Eldorado's chapter 7 case.

### CONCLUSION

Based on the foregoing, the order of dismissal is **AFFIRMED.**