Kenneth George CONLEY, Debtor.

Abraham Kasparian, Jr.,
Plaintiff–Appellant,

v.

Kenneth George Conley, Defendant–
Appellee.

BAP No. MW 06–036.
Bankruptcy No. 05–50806–JBR.
Adversary No. 05–04355–JBR.

United States Bankruptcy
Appellate Panel
of the First Circuit.

Filed May 22, 2007.

Abraham Kasparian, pro se, on brief for Appellant.

Before LAMOUTTE, CARLO, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

LAMOUTTE, Bankruptcy Judge.

*Pro se* appellant Abraham Kasparian, Jr. ("Kasparian") appeals the order en-

tered on August 22, 2006, dismissing his complaint objecting to the Debtor's discharge. The bankruptcy court granted the Debtor's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the bankruptcy court's decision dismissing the complaint is hereby affirmed.

## BACKGROUND

The Debtor filed a chapter 7 petition in October of 2005. Thereafter, Kasparian filed a complaint objecting to the Debtor's discharge, alleging a fraudulent transfer of assets in 1999. The Debtor moved to dismiss the complaint, arguing, among other things, that the complaint failed to state a claim upon which relief may be granted, because the alleged fraudulent transfer took place outside the one year period prescribed in § 727(a)(2)(A). The bankruptcy court granted the motion to dismiss, explaining:

> The Plaintiff's Complaint rests on § 727(a)(2)(A), which denies the debtor a discharge if the debtor transferred property with the intent to hinder, delay, or defraud creditors within one year of filing the bankruptcy petition. The Plaintiff claims that the debtor engaged in such a transfer in 1999. The Debtor allegedly transferred his interest in the property at 154 Weir Road, Yarmouth, Massachusetts to his wife with the intent to defraud his creditors. The Plaintiff claims that the Debtor evidenced this intent in an email between the parties on December 16, 2000, in which the Debtor stated he was 'going bankrupt for good reason.' However, the Debtor did not file his bankruptcy petition un-

der [until] October 16, 2005. Thus, the facts as plead in Plaintiff's Complaint fail to make a threshold showing under § 727(a)(2)(A). For § 727(a)(2)(A) to apply, the subject transfer must occur within one year of the Debtor's petition. Here the alleged fraudulent transfer did not occur within one year, it occurred more than five years prior, in 1999. Furthermore, the Plaintiff has not alleged any additional facts which would allow the Court to look beyond the one year 'look-back' provision of § 727(a)(2)(A).

Kasparian filed a timely notice of appeal on August 31, 2006. The notice of appeal was not accompanied by the required filing fee. For this reason, on September 5, 2006, a conditional order of dismissal was entered pursuant to 1st Cir. BAP R. 8001–1(a)(1). On September 11, 2006, Kasparian replied to the conditional order of dismissal, providing proof of payment of the filing fee[1] and a copy of the designation of record he had filed with the bankruptcy court on September 7, 2007. The designation of record was entitled "Appellant's Filing of the Designation of the Record on Appeal" and included language requesting that the appeal be sent to the U.S. District Court. Thereafter, Kasparian filed a motion for stay pending appeal, which the bankruptcy court denied. No stay was sought from the Panel.

Shortly thereafter, the Debtor filed a motion in the bankruptcy case requesting that the court enter a discharge order. The court granted the motion; the discharge order entered on the docket on March 9, 2007. Kasparian timely appealed the discharge order to the U.S. District Court, filing his notice of appeal and state-

---

1. The inadvertent failure to pay the filing fee at the time of filing does not affect the validity of an appeal so long as the notice of appeal is presented to the clerk within the time for

filing. *Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955); *Casanova v. Dubois,* 304 F.3d 75, 80 (1st Cir.2002).

ment of election on March 14, 2007. The Debtor did not file a brief in the present appeal, but instead filed a motion to dismiss on the grounds that "[t]he [March 9, 2007] discharge makes this appeal moot." The Debtor filed the motion to dismiss on March 12, 2007, during the period in which an appeal from the discharge order could be taken. Subsequent to Kasparian's timely appeal of the discharge order, the Debtor did not file a notice informing the Panel of the change in status of the finality of the discharge order.

Kasparian argues that the complaint objecting to the debtor's discharge is an actionable claim. The complaint has not been designated nor included as part of the record on appeal.[2] Thus, the Panel gleans the allegations in the complaint in light of the bankruptcy court's order of dismissal and Kasparian's arguments.

## JURISDICTION

■ A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. B.A.P. 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). An order granting a motion to dismiss is a final order that ends the litigation on the merits of the complaint. *In re Bushay*, 327 B.R. 695, 700 (1st Cir. B.A.P. 2005); *Aybar v. Crispin–Reyes*, 118 F.3d 10, 13 (1st Cir.1997). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by

the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724, 725–26 (1st Cir. B.A.P. 1998).

## STANDARD OF REVIEW

■ A bankruptcy court's factual findings are generally reviewed under the clearly erroneous standard and conclusions of law are reviewed *de novo*. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). A bankruptcy court's determination that a proceeding should be dismissed is a legal conclusion subject to *de novo* review. *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir.2003). The appellate court can affirm the allowance of a motion to dismiss only if the factual averments in the complaint hold out no hope under any theory set forth in the complaint. *Id.*

## DISCUSSION

■ Kasparian is appearing *pro se* in this appeal. Consequently, the Panel will construe Kasparian's arguments liberally and in his favor. *Stern v. Haddad Dealerships of The Berkshires, Inc.*, 477 F.Supp.2d 318 (D.Mass.2007); *Carter v. Newland*, 441 F.Supp.2d 208, 212 (D.Mass. 2006). However, the Panel is not Kasparian's advocate, and will not dispense with the substantive legal requirements to establish a claim upon which relief may be granted. *Brown v. Department of Veterans Affairs*, 451 F.Supp.2d 273, 277 (D.Mass.2006).

### 1. Mootness

■ The question of whether a bankruptcy appeal is moot hinges on ju-

---

**2.** The burden to provide a complete record on appeal lies with the appellant. *In re Abijoe*

*Realty Corp.*, 943 F.2d 121, 123 & n. 1 (1st Cir.1991).

risdictional and equitable considerations, based on the impracticability of fashioning fair and effective judicial relief. *In re Public Service Co. of New Hampshire,* 963 F.2d 469, 471 (1st Cir.1992). The "[j]urisdictional concerns may arise from the constitutional limitations imposed on the exercise of Article III judicial power in circumstances where no effective remedy can be provided, or from loss of jurisdiction over the *res* or the parties, before or during the appeal, which render the appellate court powerless to grant the requested relief." *Id.* On the other hand, "[t]he 'equitable mootness' doctrine imports both 'equitable' and 'pragmatic' limitations upon our appellate jurisdiction over bankruptcy appeals." *In re Healthco Int'l, Inc.,* 136 F.3d 45, 48 (1st Cir. 1998). The equitable limitation on appellate jurisdiction, is rooted in the court's discretion to not determine a case on its merits. *In re Public Service,* 963 F.2d at 471.

■■■■ "The 'equitable' mootness test inquires whether an unwarranted or repeated failure to request a stay enabled developments to evolve in reliance on the bankruptcy court order to the degree that their remediation has become impracticable or impossible." *In re Healthco,* 136 F.3d at 48. The pragmatic mootness test "contemplates proof that the challenged bankruptcy court order has been implemented to the degree that meaningful appellate relief is no longer practicable even though the appellant may have sought a stay with all due diligence." *Id.*

■■ One exception to the equitable mootness doctrine is applied when the claim is capable of repetition, yet evades review. *Ramirez v. Sanchez Ramos,* 438 F.3d 92 (1st Cir.2006). This exception may apply to this appeal because it is arguable that the district court may order the bankruptcy court to vacate the discharge order for having been entered before the order dismissing the complaint objecting to the discharge of the debtor is final in light of this appeal,[3] leaving the appellant herein without meaningful review of the dismissal order. *In re Joseph,* 208 B.R. 55, 58 (9th Cir. B.A.P. 1997). However, this issue has not been fully joined or briefed by the parties and the appeal may be easily resolved on the merits, bypassing the jurisdictional issue. *In re Miles,* 436 F.3d 291, 293–94 (1st Cir. 2006).

■■■ After the Supreme Court decision in *Norton v. Mathews,* 427 U.S. 524, 530–32, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976), the First Circuit has repeatedly determined that the appellate court may forego complicated jurisdictional issues when the appeal may be easily resolved on the merits against the appellant, including bankruptcy appeals. *Restoration Preservation Masonry, Inc. v. Grove Europe Ltd.,* 325 F.3d 54, 59 (1st Cir.2003); *Seale v. I.N.S.,* 323 F.3d 150, 155 (1st Cir.2003); *Institut Pasteur v. Cambridge Biotech Corp.,* 104 F.3d 489, 492 (1st Cir.1997); *In re DN Assocs.,* 3 F.3d 512, 515 (1st Cir.1993); *In re Casal,* 998 F.2d 28, 33 (1st Cir.1993);

---

3. The discharge order may be void. A discharge order cannot enter if a complaint objecting to discharge has been filed, or if an appeal from an order dismissing such complaint is pending. Fed. R. Bankr.P. 4004(c)(1)(B); *see In re Sherman,* 441 F.3d 794, 810–11 (9th Cir.2006). In *In re Sherman,* the Ninth Circuit concluded that the bankruptcy court lacked jurisdiction to enter a debtor's discharge while one of the requirements for discharge under Rule 4004(c)(1) was pending on appeal. *Id.* There, the appeal was taken from the bankruptcy court's ruling on a motion to dismiss for cause under § 707. *Id.* The Ninth Circuit concluded that the discharge order that entered while the appeal was pending was void. *Id.* at 810.

*Public Service Co. of New Hampshire v. Hudson Light and Power Dept.*, 938 F.2d 338, 341 (1st Cir.1991). The Bankruptcy Appellate Panel has recently followed this precedent in *In re Robotic Vision Systems, Inc.*, 367 B.R. 232 (1st Cir. B.A.P. 2007). As Kasparian's arguments are more easily dismissed on the merits, we need not reach the question of whether the appeal is moot.

### 2. *Invalid Election*

 An appellant must make the election of having the appeal heard by the U.S. District Court at the time that the notice of appeal is filed. 28 U.S.C. § 158(c)(1)(A). The "election to have an appeal heard by the district court under 28 U.S.C. § 158(c)(1) may be made only by a statement of election contained in a separate writing filed within the time prescribed by 28 U.S.C. § 158(c)(1)." The Local Rules for the Bankruptcy Appellate Panel for the First Circuit clarify the requirement that the election by the appellant must be made at the time of filing the notice of appeal and in a separate writing. *See* 1st Cir. BAP R. 8001(d)(1).[4] The rule provides as follows:

> (1) **Appeals to the First Circuit Bankruptcy Appellate Panel.** All appeals from bankruptcy courts are to the BAP, unless an election is made under subsection (2) of this Rule.
>
> (2) **Election to Have Appeal Heard by District Court.**
>
> (I) **Election by Appellant.** An appellant electing to have an appeal heard by the district court pursuant to 28 U.S.C. § 158(c)(1) must file, with the notice of appeal, a separate written statement of election to have the appeal heard by the district court.

The separate written statement shall include the case caption and be clearly entitled 'Election to Proceed to District Court,' and be accompanied by sufficient copies of the statement to enable the bankruptcy court clerk to effect the notice required under subpart (d)(3) of this Rule. Failure to so elect at the time of filing the notice of appeal waives the right of election under 28 U.S.C. 158(c)(1) and Rule 8001(e) of the Federal Rules of Bankruptcy Procedure.

1st Cir. BAP R. 8001(d)(1).

Here, Kasparian filed the notice of appeal on August 31, 2006. The request to have the appeal heard by the U.S. District Court was made on September 7, 2006, in a document entitled "Appellant's Filing of the Designation of the Record on Appeal." The election was therefore not a separate written statement clearly entitled "Election to Proceed in District Court," and was not filed contemporaneously with the notice of appeal. The election was, therefore, not valid, and as such the appeal is properly before the Panel.

### 3. *Dismissal of Complaint*

When considering a motion to dismiss, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357 at 417. *See also Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir. 1990). An appellate court "may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on

4. The requirements to designate at the time of the filing of the notice of appeal and in a separate writing the election to have the appeal heard by the district court appear in the web page of the United States Bankruptcy Appellate Panel for the First Circuit.

any viable theory." *Id.* at 52. The test set forth in the leading case of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See also In re Diamond*, 346 F.3d 224 (1st Cir.2003); *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations." *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993). The court will not accept unsupported conclusions or interpretations of the law. *Id.*

 In order to dismiss a claim for the time-barring effects of a statute of limitations, the complaint and related documents must show beyond doubt that the claim is out of time. *Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 17 (1st Cir.2004) (citing *LaChapelle*, 142 F.3d at 509).

Kasparian seeks the denial of debtor's discharge pursuant to § 727(a)(2)(A) of the Bankruptcy Code, which provides in its relevant part that:

(a) The court shall grant the debtor a discharge, unless—

(1) . . .

(2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has per-mitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or . . .

11 U.S.C. § 727(a)(2)(A).

 The allegations in the complaint show that the alleged fraudulent transfer was made in 1999 and that the petition was filed in 2005. Clearly, more than one year elapsed from the date of the transfer to the date of the filing of the bankruptcy petition. Therefore, the complaint is time-barred.

### CONCLUSION

Construing the allegations in the complaint objecting to the Debtor's discharge liberally and in the light most favorable to Kasparian, the Panel concludes that the allegation of fraudulent transfer is time-barred because the alleged transfer occurred more than one year before the filing of the bankruptcy petition. Consequently, the bankruptcy court's decision is hereby **AFFIRMED**.