Fotis Frank **MARMARINOS,** a/k/a Fotis F. **Marmarinos,** a/k/a Fotis **Marmarinos,** a/k/a Fotis S. **Marmarinos,** a/k/a Fotios K. **Marmarinos,** a/k/a Fotios **Marmarinos, Debtor.**

Fotis Frank **Marmarinos, Appellant,**

v.

Mark G. **DeGiacomo, Chapter 7 Trustee, Appellee.**

BAP No. MB 11–058.

Bankruptcy No. 10–13117–FJB.

United States Bankruptcy Appellate Panel of the First Circuit.

Jan. 31, 2012.

Fotis Frank Marmarinos, Pro se, on brief for Appellant.

Mark G. DeGiacomo, Esq., and Keri L. Wintle, Esq., on brief for Appellee.

Before HAINES, LAMOUTTE, and KORNREICH, United States Bankruptcy Appellate Panel Judges.

KORNREICH, Bankruptcy Judge.

Fotis Frank Marmarinos, the debtor, appeals *pro se* from the bankruptcy court's order authorizing the chapter 7 trustee to compromise certain claims against Community Credit Union of Lynn. For the reasons set forth below, we **DISMISS** this appeal as **MOOT.**

### BACKGROUND

The debtor filed a petition for chapter 13 relief in March 2010. The case was subsequently converted to one under chapter 7 and Mark G. DeGiacomo was appointed trustee.

The debtor owned certain real property encumbered by two mortgages held by the credit union. After the bankruptcy filing, the credit union obtained relief from the automatic stay to foreclose on its second mortgage and was the successful bidder at the foreclosure sale. Thereafter, the debtor filed a complaint in the state court alleging that the credit union had violated Massachusetts law and breached its duty of good faith in conducting the foreclosure sale. The trustee filed a motion to compromise seeking authority from the bankruptcy court to compromise the claims against the credit union for $20,000. The debtor opposed the motion to compromise,

asserting his belief that the credit union had sold the subject mortgages to Federal National Mortgage Association ("Fannie Mae"). In response, the trustee submitted affidavits of the credit union's president and CEO, and its counsel, asserting that the promissory notes were never sold to Fannie Mae and that the credit union has always been the holder of the original promissory notes.

After a non-evidentiary hearing, the bankruptcy court issued an order overruling the debtor's objection and granting the motion to compromise. This appeal followed.

### JURISDICTION

The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). Generally, a bankruptcy court's order approving a settlement or compromise is a final order. *See Pawtucket Credit Union v. Haase (In re Haase)*, 306 B.R. 415, 418 (1st Cir. BAP 2004); *Beaulac v. Tomsic (In re Beaulac)*, 294 B.R. 815, 818 (1st Cir. BAP 2003).

### STANDARD OF REVIEW

Appellate courts apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See Lessard v. Wilton–Lyndeborough Coop. School Dist.*, 592 F.3d 267, 269 (1st Cir.2010). Generally, a reviewing court will not overturn a bankruptcy court's decision to approve a compromise absent a clear showing that the bankruptcy court abused its discretion. *See City Sanitation, LLC v. Allied Waste Servs. of Mass., LLC (In re American Cartage, Inc.)*, 656 F.3d 82, 91 (1st Cir.2011) (citing *Ars Brook, LLC v. Jalbert (In re Servisense.com, Inc.)*, 382 F.3d 68, 71 (1st Cir.

2004)); *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir.1995).

### DISCUSSION

As a preliminary matter, the trustee asserts that this appeal is moot because the compromise has been fully consummated and because the property has been sold to a third party. We agree.

Mootness in bankruptcy appellate proceedings is based on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief. *Rochman v. Northeast Utils. Serv. Group (In re Public Serv. Co. of New Hampshire)*, 963 F.2d 469, 471 (1st Cir.1992); *Kasparian v. Conley (In re Conley)*, 369 B.R. 67, 70–71 (1st Cir. BAP 2007). The jurisdictional component relates to the constitutional restriction prohibiting the judiciary from deciding cases in which no effective remedy can be provided. *Church of Scientology of Calif. v. U.S.*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992). Thus, it is widely recognized that a bankruptcy appeal becomes moot if the appellate court is unable to grant effective relief because of events that occurred during the appeal. *See id.* The equitable component relates, in part, to pragmatic limitations on appellate jurisdiction over bankruptcy appeals. *Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 48 (1st Cir. 1998); *In re Conley*, 369 B.R. at 71. An appeal is moot for pragmatic reasons where the order appealed from has been implemented to such a degree that meaningful appellate relief is no longer practicable. *Id.*

Here, the debtor never sought a stay of the compromise order from either the bankruptcy court or this Panel. Absent a stay, the trustee was entitled to rely on the order and he executed a stipulation of dismissal which was filed in the state court action. The state court then dis-

missed the state court action and closed the case. Thus, the settlement between the trustee and the credit union has been fully consummated. In addition, the trustee submits that the property has been sold to a third party. When a sale has already occurred, the transfer of ownership renders it impossible for the Panel to grant "any effectual relief whatever." *See Church of Scientology,* 506 U.S. at 12, 113 S.Ct. 447. The Panel cannot restrain or prevent an action that already occurred. As a result, even if we were to reverse the order, we have no authority to invalidate the sale of the property, nor to order the purchaser to return the property to the debtor.

As a result, even if we were to address the issues the debtor raises in this appeal, we simply cannot fashion any meaningful relief. We cannot compel the state court to revive the state court action and we cannot unwind the sale of the property to a third party. Under these circumstances, we conclude that this appeal is moot and that we lack jurisdiction to decide it.[1]

### CONCLUSION

For the reasons discussed above, this appeal is **DISMISSED** as **MOOT.**

---

1. We also conclude that the debtor lacks standing to challenge the bankruptcy court's approval of the compromise. In this circuit, only "persons aggrieved" have standing to appeal an order of the bankruptcy court. *See Spenlinhauer v. O'Donnell (In re Spenlinhauer),* 261 F.3d 113, 117–18 (1st Cir.2001). A "person aggrieved" is one whose property is diminished, burdens are increased, or rights are impaired by the order on appeal. *Id.* A chapter 7 debtor qualifies as a "person aggrieved" for purposes of appellate standing only if he can demonstrate either: (1) a reasonable possibility of a surplus if the order on appeal is defeated; or (2) that the appealed order adversely affects his discharge. *See Beaulac v. Tomsic (In re Beaulac),* 294 B.R. 815, 820–21 (1st Cir. BAP 2003). Although the debtor asserted at oral argument that his pecuniary interest "might be" improved if the Panel were to reverse the order, he has not demonstrated that there is a "reasonable possibility of a surplus" and the record is completely devoid of any evidence on the issue. Thus, the debtor has not met his burden of establishing standing. *See Spenlinhauer,* 261 F.3d at 118.