NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MB 19-003**

---

**Bankruptcy Case No. 18-10543-FJB**

---

**GIFTY R. SAMUELS,**
**Debtor.**

---

**GIFTY R. SAMUELS,**
**Appellant,**

**v.**

**WILMINGTON SAVINGS FUND SOCIETY, FSB, and**
**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
**as Trustee for Argent Securities Inc.,**
**Asset-Backed Pass-Through Certificates, Series 2005-W3,**
**Appellees.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. Frank J. Bailey, U.S. Bankruptcy Judge)**

---

**Before**
**Lamoutte, Cary, and Fagone,**
**United States Bankruptcy Appellate Panel Judges.**

---

**David G. Baker, Esq., on brief for Appellant.**
**Jason J. Giguere, Esq., on brief for Appellee, Wilmington Savings Fund Society, FSB.**
**Marcus E. Pratt, Esq., on brief for Appellee, Deutsche Bank National Trust Company.**

---

**November 19, 2019**

---

**Lamoutte, U.S. Bankruptcy Appellate Panel Judge.**

Gifty Samuels (the "Debtor") appeals from two bankruptcy court orders: (1) the order (the "Order Denying Confirmation") denying confirmation of her Third Amended Chapter 11 Plan of Reorganization (the "Third Amended Plan"); and (2) the order (the "Dismissal Order") dismissing her bankruptcy case for cause under § 1112(b) due to her: (a) failure to confirm a plan within a reasonable period of time; and (b) inability to propose a confirmable plan.[1] While this appeal was pending, a mortgage lien creditor foreclosed on one of the Debtor's properties.

For the reasons set forth below, we conclude that the foreclosure sale of the Debtor's property has rendered the appeal of the Order Denying Confirmation **MOOT**. We also conclude that the bankruptcy court did not err in dismissing the Debtor's bankruptcy case. Therefore, we **DISMISS** the appeal of the Order Denying Confirmation and **AFFIRM** the Dismissal Order.

## BACKGROUND

### I.       Bankruptcy Proceedings

The Debtor filed a chapter 11 petition in February 2018. On her bankruptcy schedules, the Debtor listed two parcels of real estate located in Lynn, Massachusetts (collectively, the "Properties"), which she valued at $283,100 ("First Property") and $389,500 ("Second Property"). She listed only two secured creditors: Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2005-W3 ("Deutsche Bank"), and Wilmington Savings Fund Society, FSB ("Wilmington").[2]

Deutsche Bank filed a proof of claim in the approximate amount of $590,000, including about $356,000 in pre-petition arrears, secured by a mortgage on the First Property.

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq.

[2] Wilmington and Deutsche Bank are sometimes referred to collectively as the "Appellees."

Wilmington filed a proof of claim in the approximate amount of $780,000, including about $300,000 in pre-petition arrears, secured by a mortgage on the Second Property.

## A.       The Plans of Reorganization

During the course of the bankruptcy proceedings, which lasted almost a year, the Debtor filed five versions of a plan of reorganization. In each plan, including the Third Amended Plan at issue in this appeal, the Debtor proposed to bifurcate the Appellees' respective claims into secured claims equal to the amounts of her asserted values of the properties securing them and unsecured claims for the remainder. She proposed to pay the secured claims over a period of at least 18 years, and pay the Appellees' deficiency claims (which she placed in a different class from other general unsecured creditors) as balloon payments after the secured claims were paid in full. The Debtor indicated that all renditions of the plan were to be funded from her employment income as a health care aide and rental income from the Properties. The Appellees objected to each version of the plan on numerous grounds, including lack of feasibility under § 1129(a)(11) and failure to obtain the consent of an impaired class as required under § 1129(a)(10).[3]

After a confirmation hearing on the Third Amended Plan—which was the only plan presented for confirmation—the bankruptcy court entered the Order Denying Confirmation. The bankruptcy court cited numerous grounds for denying confirmation, including the Debtor's

---

[3] Under § 1129(a)(10), a plan which impairs a class of claims cannot be confirmed unless "at least one class of claims that is impaired under the plan has accepted the plan . . . ." See 11 U.S.C. § 1129(a)(10); see also U.S. Bank N.A. v. Vill. at Lakeridge, LLC, 138 S. Ct. 960, 963 (2018). The so-called "feasibility test" set forth in § 1129(a)(11) requires plan proponents to establish that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11); see also In re Charles St. African Methodist Episcopal Church of Bos., 578 B.R. 56, 103 (Bankr. D. Mass. 2017).

failure to: (1) obtain a consenting impaired class as required by § 1129(a)(10); (2) properly value the Second Property securing Wilmington's claim; (3) offer evidence to support her proposed interest rate for the Appellees' secured claims; and (4) demonstrate feasibility as required by § 1129(a)(11). In denying confirmation, the bankruptcy court rejected the Debtor's argument that the class of general unsecured claims (other than the Appellees' deficiency claims) should be deemed to have accepted the plan because no creditor in that class voted to reject the plan or filed an objection to confirmation.

## B.      Show Cause Order and Motion to Dismiss

About a month later, the bankruptcy court directed the Debtor to show cause ("Show Cause Order") why the case should not be dismissed due to: (1) her failure to confirm a plan within a reasonable time; and (2) her inability to propose a confirmable plan. The bankruptcy court noted that the Debtor had filed four renditions of a plan of reorganization, and that confirmation of the Third Amended Plan had been denied "on numerous bases that it appears that she cannot overcome . . . ." Shortly thereafter, the Appellees filed a joint motion to dismiss the case for cause under § 1112(b) (the "Motion to Dismiss") as a result of the Debtor's undue delay that was prejudicial to creditors and because there was no likelihood that a plan would be confirmed within a reasonable time.

In both her response to the Show Cause Order and her objection to the Motion to Dismiss, the Debtor argued that the bankruptcy court had erred in denying confirmation of the Third Amended Plan because, among other things, acceptance of the plan by an impaired unsecured class could be inferred from the creditors' failure to vote.

4

## C.    The Dismissal Order

After conducting a hearing on the Show Cause Order and the Motion to Dismiss,[4] the bankruptcy court entered the Dismissal Order, determining that there was cause for dismissal under § 1112(b)(1) due to the Debtor's: (1) failure to confirm a plan within a reasonable period of time; and (2) inability to propose a confirmable plan.  In the absence of any "unusual circumstances," the court concluded, dismissal was mandatory upon a finding of cause.  See 11 U.S.C. § 1112(b)(2).[5]

## II.    The Appeal

The Debtor appealed both the Dismissal Order and the Order Denying Confirmation. The sole issue presented by the Debtor in this appeal is whether failure to vote by creditors in an impaired class is "deemed acceptance" of the plan for purposes of § 1129(a)(10).  The Debtor contends the bankruptcy court incorrectly ruled that there must be "affirmative acceptance" by an impaired class and, as a result, erred in denying confirmation of the Third Amended Plan and dismissing her case for failure to satisfy § 1129(a)(10).  She does not challenge, or even address, any of the bankruptcy court's other asserted grounds for denying confirmation of the Third Amended Plan or the standards for dismissing a case under § 1112(b).

More than four months after filing her notice of appeal, the Debtor filed with the bankruptcy court a motion for a stay pending appeal, requesting an emergency determination as a

---

[4]  The day before the hearing on the Show Cause Order and the Motion to Dismiss, the Debtor filed her fourth amended plan of reorganization, which proposed similar treatment for the Appellees' claims and contained many of the same obstacles to confirmation (and some new ones) as the Third Amended Plan.

[5]  Section 1112(b)(2) provides an exception to the rule set forth in § 1112(b)(1) that a bankruptcy court *must* either convert or dismiss a case upon a finding of cause.  Subsection (b)(2) provides: "The court may not convert . . . or dismiss a case . . . if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate . . . ."  11 U.S.C. § 1112(b)(2).

foreclosure sale with respect to the Second Property was scheduled for June 3, 2019. On May 14, 2019, the bankruptcy court denied the motion. Ten days later, the Debtor filed a motion for a stay pending appeal with the Panel. The Panel denied the motion as untimely.

At oral argument, counsel for Wilmington reported that, while this appeal was pending, the Second Property was foreclosed. The Debtor did not contest the factual allegation.

**APPELLATE JURISDICTION**

**I.        Finality**

"Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals from 'final judgments, orders, and decrees . . . .'" Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998); see also Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692, 1695 (2015) (discussing the Panel's jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a)). The Dismissal Order is a final order subject to our review. See Efron v. Candelario (In re Efron), 529 B.R. 396, 404 (B.A.P. 1st Cir. 2015) ("A bankruptcy court's decision to dismiss a case under § 1112(b) is [ ] a final order subject to review by the Panel."); In re Colón Martinez, 472 B.R. 137, 143 (B.A.P. 1st Cir. 2012).

The Order Denying Confirmation is also reviewable under the merger rule, whereby "prior interlocutory orders merge with the final judgment in a case and may be reviewed on appeal from the final order." Segarra Miranda v. Banco Popular de P.R. (In re Rivera Mercado), 599 B.R. 406, 416 (B.A.P. 1st Cir. 2019) (citation omitted); see also Watson v. Boyajian (In re Watson), 403 F.3d 1, 5 (1st Cir. 2005) (stating that order denying plan confirmation became reviewable upon bankruptcy court's dismissal of the bankruptcy case).

## II. Mootness

Our jurisdiction, however, does not rest on finality alone. Mootness will also deprive us of jurisdiction to review a final order. Richmond v. Sovereign Bank (In re Formatech, Inc.), BAP No. MW 12-013, 2013 WL 87406, at *1 (B.A.P. 1st Cir. Jan. 8, 2013) (stating that mootness deprives the Panel of jurisdiction to review a final order, and because mootness is a threshold issue, the Panel may determine it sua sponte) (citation omitted).

"Mootness in bankruptcy appellate proceedings, as elsewhere, is premised on jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief." Rochman v. Ne. Utils. Serv. Grp. (In re Pub. Serv. Co. of N.H.), 963 F.2d 469, 471 (1st Cir. 1992) (citations omitted); Marmarinos v. DeGiacomo (In re Marmarinos), 464 B.R. 498, 500 (B.A.P. 1st Cir. 2012). "The jurisdictional component relates to the constitutional restriction prohibiting the judiciary from deciding cases in which no effective remedy can be provided." In re Marmarinos, 464 B.R. at 500 (citing Church of Scientology of Calif. v. United States, 506 U.S. 9, 12 (1992)). "Thus, it is widely recognized that a bankruptcy appeal becomes moot if the appellate court is unable to grant effective relief because of events that occurred during the appeal." Id. (citation omitted). "The equitable component relates, in part, to pragmatic limitations on appellate jurisdiction over bankruptcy appeals." Id. (citations omitted). "The doctrine of equitable mootness permits an appellate court to dismiss a bankruptcy appeal if 'an unwarranted . . . failure to request a stay enabled developments to evolve in reliance on the bankruptcy court order to the degree that their remediation has become impracticable or impossible,' or if 'the challenged bankruptcy court order has been implemented to the degree that meaningful appellate relief is no longer practicable even though the appellant may have sought a stay with all due diligence[.]'" Prudential Ins. Co. of Am. v. SW Bos. Hotel

Venture, LLC (In re SW Bos. Hotel Venture, LLC), 748 F.3d 393, 402 (1st Cir. 2014) (citations omitted).

Here, although the Debtor requested a stay pending appeal from both the bankruptcy court and the Panel, those requests were denied. At oral argument, counsel for Wilmington confirmed that, while this appeal was pending, the Second Property was sold at a foreclosure sale. Because the Third Amended Plan provided for the Debtor's retention of the Second Property, the payment of the secured portion of Wilmington's claim through the plan, and that the plan would be funded, in part, with rental income from the Second Property, the sale of the Second Property renders the Third Amended Plan unconfirmable. Simply stated, the bankruptcy court cannot confirm a plan that provides for the Debtor's retention of the Second Property when the Debtor no longer owns the property, Wilmington's claim is no longer secured by a lien on the Second Property, and the Debtor can no longer use rental income from the Second Property to fund a plan. See Townley v. Fitzgerald (In re Townley), BAP No. WW-10-1397-JuWaPa, 2011 WL 6934444, at *6 (B.A.P. 9th Cir. Nov. 7, 2011) (concluding that appeal of an order denying confirmation of a chapter 13 plan that provided for debtor's retention of property was moot when the property was sold at a foreclosure sale after the bankruptcy case was dismissed), aff'd, 553 F. App'x 731 (9th Cir. 2014); see also Brook View Apts. v. Republic Fed. Sav. & Loan Ass'n (In re Brook View Apts.), No. 92-16606, 1994 WL 161690, at *1 (9th Cir. May 2, 1994) (holding that appeal of the denial of confirmation was moot because the plan was not feasible after the debtor's principal asset was sold); In re Tri-Cities Memory Gardens, Inc., No. 2:14-CV-361, 2014 WL 7151016, at *3 (E.D. Tenn. Dec. 12, 2014) (acknowledging that loss of debtor's primary asset at a foreclosure sale would render any attempt at reorganization moot).

Therefore, we are not able to fashion any meaningful relief as the bankruptcy court would be unable to confirm the Third Amended Plan or any other plan under which the Second Property would be retained by the Debtor. As a result, we conclude that this appeal is moot as to the Order Denying Confirmation, and we lack jurisdiction to consider it.[6] Our review on the merits is limited to the Dismissal Order.[7]

## STANDARD OF REVIEW

When considering a bankruptcy court's dismissal of a case under § 1112(b), we review the bankruptcy court's findings of fact for clear error and conclusions of law de novo. In re Efron, 529 B.R. at 405 (citation omitted). Appellate courts "disturb a dismissal for cause only if the bankruptcy court has abused its discretion." Wilk Auslander LLP v. Murray (In re Murray), 900 F.3d 53, 59 (2d Cir. 2018) (citations omitted); see also In re Abijoe Realty Corp., 943 F.2d

---

[6] Moreover, even if we were to adopt the Debtor's argument that the general unsecured creditors in Class III should be deemed to have accepted the Third Amended Plan due to their silence, reversal of the bankruptcy court's ruling on that issue would not result in reversal of the Order Denying Confirmation. The Debtor ignores that the bankruptcy court articulated several independent grounds for denying confirmation of the Third Amended Plan, including her failure to demonstrate feasibility as required by § 1129(a)(11). The Debtor has not challenged, or even addressed, the bankruptcy court's feasibility determination or any of the other alternative grounds in her appellate brief. Therefore, she has waived them. See United States v. Bayard, 642 F.3d 59, 63 (1st Cir. 2011) (stating an appellant's failure to brief an issue waives it); City Sanitation, LLC v. Allied Waste Servs. of Mass., LLC (In re Am. Cartage, Inc.), 656 F.3d 82, 91 (1st Cir. 2011) (stating an issue omitted from the statement of issues is waived). It follows, therefore, that even if we were to rule that the bankruptcy court erred in rejecting the Debtor's "inferred acceptance" argument, such a ruling would not require reversal of the Order Denying Confirmation.

[7] We acknowledge that at least one court has held in an analogous context that both the denial of plan confirmation and dismissal of the bankruptcy case were moot where the debtor's primary asset was sold at a foreclosure sale after the dismissal. See In re Townley, 2011 WL 6934444, at *6 (holding that debtors' appeal of the dismissal was moot because reinstating the case would not bring the property back into the estate and because the foreclosure sale cut off the debtors' cure rights under § 1322(b)(5)). Here, although it seems unlikely the Debtor could propose a confirmable plan were we to reverse the Dismissal Order, we need not resolve the mootness issue as the Debtor's appeal of the Dismissal Order is easily decided on the merits. See McKeague v. One World Techs., Inc., 858 F.3d 703, 707 (1st Cir. 2017) (recognizing a "strong presumption in favor of deciding cases on the merits") (quoting Malot v. Dorado Beach Cottages Assocs. S. En C. Por A., S.E., 478 F.3d 40, 43 (1st Cir. 2007)).

9

121, 128 (1st Cir. 1991) ("A bankruptcy court determination to dismiss a chapter 11 case for cause will be affirmed on appeal absent an abuse of discretion . . . .").

## DISCUSSION

### I.    The Standard Governing Dismissal

Section 1112(b)(1) provides that the bankruptcy court "shall" dismiss or convert the case if, after notice and hearing, the movant establishes "cause." 11 U.S.C. § 1112(b)(1).[8] The burden of proof is on the party asserting cause for dismissal. In re Charles St. African Methodist Episcopal Church of Bos., 478 B.R. 73, 82 (Bankr. D. Mass. 2012) (citation omitted). After the movant establishes cause, "the burden shifts to the opposing party to show why dismissal or conversion would not be in the best interests of the estate and creditors."[9] Francis v. Harrington (In re Francis), BAP No. MB 18-012, 2019 WL 1265316, at *5 (B.A.P. 1st Cir. Mar. 14, 2019) (citation omitted). In addition, after a finding of cause, "the court's discretion is limited; it must grant some form of relief unless § 1112(b)(2) applies."[10] Id. (citation omitted).

---

[8]  Section 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . .

11 U.S.C. § 1112(b)(1).

[9]  Neither the Debtor nor any other party has argued, either in the bankruptcy proceedings or on appeal, that conversion to chapter 7 or the appointment of a trustee was a viable alternative to dismissal.

[10]  There is no evidence in the record that the Debtor raised the § 1112(b)(2) "unusual circumstances" defense to dismissal before the bankruptcy court, and the Debtor does not challenge the bankruptcy court's determination that there were no unusual circumstances in this appeal. Therefore, the issue is waived. See United States v. Bayard, 642 F.3d at 63 (stating an appellant's failure to brief an issue waives it); see also Banco Bilbao Vizcaya Argentaria v. Wiscovitch-Rentas (In re Net-Velázquez), 625 F.3d 34, 40 (1st Cir. 2010) ("[L]egal theories not raised squarely in the lower court cannot be broached for the first time on appeal.") (internal quotation marks omitted).

Although the Bankruptcy Code does not define "cause" as that term is used in § 1112(b), § 1112(b)(4) provides a "nonexclusive list of what constitutes cause." Id. at *4 (citation omitted) (internal quotation marks omitted). That list includes, *inter alia*, the "failure to . . . confirm a plan, within the time fixed by [the Bankruptcy Code] or by order of the court . . . ." 11 U.S.C. § 1112(b)(4)(J); see also In re Babayoff, 445 B.R. 64, 78-79 (Bankr. E.D.N.Y. 2011) (stating if a debtor does not make progress toward plan confirmation within time periods fixed by the Bankruptcy Code and any court orders, relief under § 1112(b)(4)(J) should follow). Courts have also determined that conversion or dismissal of a chapter 11 case is warranted for other reasons, including the debtor's "inability to effectuate a plan" and "unreasonable delay by the debtor that is prejudicial to creditors." See, e.g., In re Abijoe Realty Corp., 943 F.2d at 128 (concluding that "unreasonable delay" constitutes "cause" for dismissal of a chapter 11 case) (citation omitted); In re DCNC N.C. I, LLC, 407 B.R. 651, 665 (Bankr. E.D. Pa. 2009) (concluding that "the inability to effectuate a plan, by itself, provides cause for dismissal or conversion of a chapter 11 case"). "The bankruptcy court has broad discretion in determining what constitutes 'cause' adequate for dismissal under § 1112(b)." Rand v. Porsche Fin. Servs., Inc. (In re Rand), No. AZ–10–1160– BaPaJu, 2010 WL 6259960, at *3 (B.A.P. 9th Cir. Dec. 7, 2010) (citations omitted).

## II. Applying the Standard

The bankruptcy court determined there were two causes for dismissal under § 1112(b)(1): (1) the Debtor's failure to confirm a plan within a reasonable period of time; and (2) her inability to propose a confirmable plan. However, "[o]ne ground . . . is sufficient, standing alone, to establish cause under the statute." In re Colón Martinez, 472 B.R. at 144 (citation omitted). We, therefore, first consider whether the bankruptcy court abused its discretion in concluding there was cause for dismissal due to the Debtor's failure to confirm a plan within a reasonable time.

11

Section 1112(b)(4)(J) provides that a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by [the Bankruptcy Code] or by order of the court" is cause to dismiss a chapter 11 case. 11 U.S.C. § 1112(b)(4)(J). "This [s]ection reflects the fact that the filing of a disclosure statement and filing and confirmation of a plan is central to the progress of a successful Chapter 11 case." In re Babayoff, 445 B.R. at 78. "[A] debtor cannot wallow in chapter 11 indefinitely." Aleshire v. Wells Fargo Bank, N.A., 589 B.R. 154, 162 (N.D. Ill. 2018) (quoting Synovus Bank v. Brooks (In re Brooks), 488 B.R. 483, 490 (Bankr. N.D. Ga. 2013)). Although the Bankruptcy Code does not specify a fixed time for filing a plan of reorganization in ordinary chapter 11 cases, courts interpret § 1112(b)(4)(J) as requiring individual chapter 11 debtors to file and confirm a plan of reorganization "within a reasonable period of time." In re Brooks, 488 B.R. at 490; see also Aleshire, 589 B.R. at 161 ("Under [c]hapter 11, an individual debtor is required to file and confirm a plan for reorganization 'as soon as practicable.'"); In re Babayoff, 445 B.R. at 79 (stating that dismissal is appropriate under § 1112(b)(4)(J) if a debtor does not make progress toward confirmation within "a reasonable period"). "[A] debtor's inability to accomplish substantive progress toward confirmation inherently carries the risk of unreasonable and undue delay, which is nearly always prejudicial toward creditors . . . ." In re Brooks, 488 B.R. at 490. Therefore, "failure to confirm a plan itself constitutes cause for dismissing a chapter 11 petition." Aleshire, 589 B.R. at 162 (citing 11 U.S.C. § 1112(b)(4)(J)).

In this case, almost a year passed between the filing of the bankruptcy petition and the dismissal of the case and the Debtor failed to obtain confirmation of a plan. During the pendency of the case, the Debtor had ample opportunity to propose a confirmable plan and, in fact, she filed five different plans. However, only one version of the plan was actually presented

12

for confirmation and the Debtor was unable to achieve confirmation. After the court denied confirmation of the Third Amended Plan, it issued the Show Cause Order, providing the Debtor with an opportunity to demonstrate why the case should not be dismissed for failure to confirm a plan within a reasonable time and inability to propose a confirmable plan. The day before the hearing on the Show Cause Order, the Debtor filed her fourth amended plan. However, due to persistent deficiencies in that proposed plan relating to feasibility and the unfairly discriminatory treatment of the Appellees' deficiency claims (issues which were previously highlighted by the court at the confirmation hearing), the bankruptcy court concluded at that hearing that the proposed plan was unconfirmable. Finding that the Debtor had filed her various plans "without realistic hope of [ ] confirmation [and] solely . . . for delay," that a "reasonable time" to confirm a plan had already passed, and that any new strategies for confirmation should have been raised "much earlier in the case," the bankruptcy court concluded that cause existed to dismiss the case for failure to confirm a plan within a reasonable time.

The bankruptcy court's findings are fully supported by the record and, therefore, we conclude that the bankruptcy court did not abuse its discretion in concluding there was cause for dismissal due to the Debtor's failure to confirm a plan within a reasonable time. See Lynch v. Barnard, 590 B.R. 30, 37 (E.D.N.Y. 2018) (holding bankruptcy court did not abuse its discretion in finding cause under § 1129(b)(4)(J) due to debtor's inability to obtain confirmation of a plan and "series of delays that were prejudicial to creditors"); Aleshire, 589 B.R. at 162 (concluding that bankruptcy court did not abuse its discretion in dismissing debtor's case for failure to propose a confirmable plan); In re Brooks, 488 B.R. at 490-91 (dismissing chapter 11 case where confirmation of plan was not imminent after one year).

As one ground is sufficient for dismissal under § 1112(b), we need not consider whether the bankruptcy court abused its discretion in determining that cause existed to dismiss the case due to the Debtor's inability to present a confirmable plan. See Hoover v. Harrington (In re Hoover), 828 F.3d 5, 11 (1st Cir. 2016) (stating that "one cause [under § 1112(b)] is enough" and, therefore, court had "no need to consider [appellant]'s challenges to the other 'causes' . . . found by the bankruptcy court"); In re Colón Martinez, 472 B.R. at 144.

## CONCLUSION

For the foregoing reasons, we **DISMISS** the appeal of the Order Denying Confirmation as **MOOT** and we **AFFIRM** the Dismissal Order.