

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CRYSTAL DAWN McDOWELL,<br>　　　　　Debtor. | BAP No. WW-24-1076-BLF<br><br>Bk. No. 3:23-bk-42206-TWD |
| CRYSTAL DAWN McDOWELL,<br>　　　　　Appellant. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Brian D. Lynch, Bankruptcy Judge, Presiding[1]

Before: BARASH,** LAFFERTY, and FARIS, and Bankruptcy Judges.

## INTRODUCTION

In this appeal Crystal McDowell ("Debtor"), a chapter 7[2] debtor in pro per, objects to the entry of a discharge in her favor. While Debtor's appeal

---

　　* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

　　** Hon. Martin R. Barash, United States Bankruptcy Judge for the Central District of California, sitting by designation.

　　[1] Judge Brian D. Lynch presided over the case through the entry of the order appealed from. The case was subsequently reassigned to Judge Timothy W. Dore on May 13, 2024.

　　[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

1

is unusual, the facts presented are undisputed and the legal issues are straightforward. We have reviewed the record and the arguments of Debtor and we find no reason to vacate the discharge.[3]

## FACTS[4]

### A. Debtor's petition

Debtor filed a chapter 13 petition on December 14, 2023, and approximately one month later converted her case to chapter 7.[5] Debtor scheduled only three claims:

- A 2022 judgment for $762,125 in favor of David Zahradnik ("Zahradnik");

---

[3] Oral argument in this matter was scheduled for November 14, 2024. Shortly before oral argument, Debtor filed a motion to continue the oral argument or file a supplemental brief (the "Motion"). Debtor also lodged with the Panel electronically several supplemental papers, but those papers did not comply with the technical requirements for electronic filing. The Clerk of the Court so advised Debtor but, as of the filing of this Memorandum, those papers have not been provided in the proper electronic format.

Debtor's request to continue oral argument is denied because Debtor had adequate notice of the oral argument and was permitted to participate remotely. Debtor chose not to avail herself of the opportunity and her last-minute request did not demonstrate cause for a continuance. Further, although the Panel has considered the contents of the Motion itself, Debtor did not present additional papers to the Panel in the proper filing format. Debtor's request to file additional papers is DENIED.

[4] Because Debtor filed only an informal opening brief and no excerpts of record, we exercise our discretion to take judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989); *Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[5] Debtor, who is acting in pro per, converted her case to chapter 7 by filing a Notice of Conversion from Chapter 13 to Chapter 7.

- A 2023 judgment in a different proceeding for $5,000 in favor of Zahradnik; and

- A 2022 judgment for $4,000 in favor of Jacqueline McMahon ("McMahon").

On February 27, 2024, the chapter 7 trustee, filed her "no asset" report (the "No Asset Report"). Twelve days later, Debtor filed her certification that she had completed her personal financial management course.

Zahradnik filed a nondischargeability complaint (the "523 Complaint") against Debtor, asserting claims under § 523(a)(4), based on larceny and embezzlement, and under § 523(a)(15), based on claims arising under a property settlement agreement entered in a marital dissolution case. The 523 Complaint alleges that Debtor and Zahradnik were previously married, divorced in 1997, and were embroiled in state court litigation from 2020 through February 9, 2022, related to the property settlement agreement entered in their dissolution proceeding. The 523 Complaint does not assert any causes of action objecting to the entry of Debtor's discharge under § 727.[6]

Debtor received her discharge on April 29, 2024, pursuant to the Order of Discharge (the "Discharge Order").

---

[6] On September 12, 2024, the bankruptcy court entered summary judgment in favor of Zahradnik on his 523 Complaint, finding $536,302.77 of the state court judgment nondischargeable under § 523(a)(4) and § 523(a)(15). Debtor appealed from the nondischargeability judgment on September 26, 2024, which is pending as BAP Case No. 24-1157.

**B. Debtor's appeal**

Debtor timely filed a notice of appeal from the Discharge Order.[7] After entry of the No Asset Report and the Discharge Order, Debtor twice amended her schedules to remove the claims she had previously listed in favor of Zahradnik and McMahon.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (J) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Was the Discharge Order entered in error?

## STANDARDS OF REVIEW

Because the underlying facts are not disputed, the question before the Panel is one in which legal issues predominate and is thus subject to de novo review. *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908, 911 (9th Cir.1988); *U. S. Tr., v. Joseph (In re Joseph)*, 208 B.R. 55, 58 (9th Cir. BAP 1997). On de novo review, the issue is decided as if it had not been heard before, and the Panel gives no deference to the bankruptcy court's conclusions. *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.2d 700, 702 (9th Cir. 2008). We may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v. U.S. Bank, Nat'l. Ass'n. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012).

---

[7] No other parties to the appeal are identified and no other parties have appeared.

## DISCUSSION

Debtor appeals from the entry of a chapter 7 discharge in her favor and asserts two arguments. First, she contends that she filed her bankruptcy petition and subsequent filings under duress. Second, Debtor argues that entry of the Discharge Order violated Rule 4004(c) based on the filing of the 523 Complaint by Zahradnik.

### A.    Filing of the petition

Debtor states she has "rescinded" her petition, which she filed under duress without the advice of counsel, and she has no debts to discharge. Debtor does not elaborate on the circumstances that placed her under duress, causing her to file her voluntary bankruptcy petition. Her amended designation of record filed in connection with this appeal states she filed her petition in response to threats against her person and her property from unidentified individuals but that she rescinded her petition and no debts exist to discharge. As a result, she seeks no discharge and contends she will not tolerate entry of a discharge in her favor.

Debtor apparently believes that when she amended her Schedule E/F to remove the claims of Zahradnik and McMahon following the entry of the Discharge Order, she eliminated them as creditors and rendered the Discharge Order a nullity. But the Discharge Order was entered before she amended her schedules. The debts were already discharged prior to the filing of the amendments.

5

More importantly, § 727(b) expressly discharges "all debts" that arose before the petition was filed, even if the creditor does not file a proof of claim, § 727(b),[8] and in a "no asset" case such as this, even if the debtor did not list the debt in the debtor's schedules, s*ee Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1436 (9th Cir. 1993). In other words, the existence of the debt, and whether it is discharged, is not dependent upon the debt being scheduled. Thus, Debtor's amendments of her schedules to remove all debts had no effect on the scope of her chapter 7 discharge.

Debtor voluntarily filed her petition, converted her case to chapter 7, completed her postpetition financial management course, and received her discharge. At some point during this process, it appears Debtor regretted her decision to voluntarily submit herself to the jurisdiction of the bankruptcy court. Debtor's remedy was to move for dismissal of her case. Initially, prior to conversion, she could have moved under § 1307, which provides that upon "request of the debtor at any time, if the case has not been converted . . . the court shall dismiss a case under this chapter." § 1307(b); *see Tico Constr. Co. v. Van Meter (In re Powell)*, 119 F.4th 597, 603 (9th Cir. 2024) (affirming that a chapter 13 "debtor has an absolute right to voluntarily dismiss that case under § 1307(b), and the bankruptcy court is

---

[8] Because Debtor initially filed her petition under chapter 13, her chapter 7 discharge applies to all debts arising before the date of conversion of her case to chapter 7. § 348(b).

not required to conclusively resolve any disputes about the debtor's Chapter 13 eligibility before granting a dismissal request").

Following conversion of her case to chapter 7, Debtor could have moved for dismissal under § 707(a). The grounds for dismissal enumerated in § 707(a) "are illustrative and not exhaustive." *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000). Debtor, therefore, could have sought dismissal at an earlier time based on her claims of duress. Debtor, however, did not move for dismissal of her case and instead completed her postpetition financial management course required by Rule 1007(b)(7) and Rule 4004(c)(1)(H), demonstrating she wished to proceed with her case and receive a discharge of debts. Having completed the requirements for entry of discharge, Debtor cannot now complain that the entry of the Discharge Order was in error.

**B.    Rule 4004 and the 523 Complaint**

Debtor also argues that the entry of the Discharge Order was in error because Zahradnik's 523 Complaint was pending. On this basis, she argues the Discharge Order is "void." She contends that Rule 4004(c) precludes entry of a discharge if a complaint objecting to discharge has been filed. Rule 4004(c)(1) provides in pertinent part:

> In a chapter 7 case, on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge, except that the court shall not grant the discharge if:
> . . . .

> (B) a complaint, or a motion under § 727(a)(8) or (a)(9), objecting to the discharge has been filed and not decided in the debtor's favor.

Rule 4004(c)(1).

Debtor, however, misconstrues Zahradnik's 523 Complaint as a complaint "objecting to discharge" within the meaning of Rule 4004(c)(1)(B). Objections to discharge are the statutory claims enumerated in § 727(a). The 523 Complaint does not allege any § 727 causes of action. The only causes of action asserted against her arise under § 523(a) and seek a determination that specific debts owed to Zahradnik are nondischargeable; Zahradnik's complaint does not object to the discharge of all debts under § 727(a).

Debtor contends the Discharge Order is void, or should be vacated as void, based on *Kasparian v. Conley (In re Conley)*, 369 B.R. 67, 71 n.3 (1st Cir. BAP 2007). In *Conley*, a creditor filed a complaint objecting to discharge under § 727(a)(2)(A), and the debtor successfully moved for dismissal of that complaint. *In re Conley*, 369 B.R. at 69. The creditor appealed from the dismissal of his complaint and, while that appeal was pending, the bankruptcy court entered the debtor's discharge. *Id*. In considering whether entry of the discharge rendered the appeal moot, the Bankruptcy Appellate Panel for the First Circuit noted that the pending appeal rendered the dismissal not final, such that the "discharge order may be void." *Id*. at 71 n.3 (citing Rule 4004(c)(1)(B)). The complaint in *Conley*, unlike Zahradnik's 523 Complaint filed in this case, objected to entry of discharge under

8

§ 727(a) and thereby precluded entry of discharge based on Rule 4004(c)(1)(B). Debtor's reliance on *Conley* is unavailing.

Debtor also quotes *Merrill-Colberg v. Schmunk*, No. 17-03007-dwh, 2018 WL 1305627, at *6 (Bankr. D. Ore., Mar. 12, 2018) *aff'd sub nom. Merrill-Colberg v. Schmunk (In re Schmunk)*, BAP No. OR-18-1151-FSKu, 2019 WL 1594019 (9th Cir. BAP Apr. 11, 2019), for the proposition that "Rule 4004(c) requires the court to withhold the discharge if there is pending . . . a complaint . . . objecting to discharge . . . ." The bankruptcy court in *Merrill-Colberg* addressed whether a § 727(a) complaint filed after entry of the discharge was viable and concluded it was not. *Id. at* *4. Because no creditor has filed a § 727(a) complaint against Debtor, *Merrill-Colberg* is inapplicable to the case at bar.

Debtor also quotes a habeas corpus decision of the Supreme Court of the State of Washington, for the proposition that a constitutional court "[e]ither has or has not jurisdiction. If it does not have jurisdiction, any judgment entered is void *ab initio* and is, in legal effect, no judgment at all." *Wesley v. Schneckloth*, 346 P.2d 658, 660 (Wash. 1959). But the case is inapposite. The bankruptcy court has subject matter jurisdiction over all matters that arise "under" Title 11. 28 U.S.C. § 1334(b). The chapter 7 discharge is based on § 727(a). Therefore, the bankruptcy court had subject matter jurisdiction to enter the Discharge Order and that order is not void for want of jurisdiction.

Because no creditor in this case filed an objection to discharge under § 727(a), and because none of the enumerated exceptions in Rule 4004(c)(1) are present, Rule 4004 did not bar entry of the Discharge Order.

## CONCLUSION

The discharge in favor of Debtor was not entered in error. We therefore AFFIRM.